FILED

2011 OCT 19  PM 3: 52

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Surjit P. Soni (State Bar No. 127419)
2  M. Danton Richardson (State Bar No. 141709)
   Leo E. Lundberg, Jr. (State Bar No. 125951)
   THE SONI LAW FIRM
3  35 North Lake Ave., Suite 720
   Pasadena, California  91101
4  (626) 683-7600 Telephone
   (626) 683-1199 Fax
5
6  SURJ@SONILAW.COM
   DANTON@SONILAW.COM
   LEO@SONILAW.COM
7
8  Attorneys for Plaintiff,
   BIBIJI INDERJIT KAUR PURI
9

10            UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
11

12  BIBIJI INDERJIT KAUR PURI, an individual,     CASE NO.: CV11- 08675  JFW  SSx

13                  Plaintiff,                     COMPLAINT FOR:
                                                   1.   FEDERAL STATUTORY AND
14                                                      COMMON LAW TRADEMARK
          vs.                                          INFRINGEMENT (15 U.S.C. §1051 et
15                                                     seq.) OF "YOGI" AND "PEACE
                                                       CEREAL" TRADEMARKS;
16                                                 2.   VIOLATION OF SECTION 43(a) OF
                                                       THE LANHAM ACT;
17  HEARTHSIDE FOOD SOLUTIONS, LLC, a            3.   UNFAIR COMPETITION;
    Delaware Limited Liability Corporation;        4.   UNFAIR TRADE PRACTICES (Cal.
18  DOES 1 through 10,                                 Bus. and Prof. Code § 17200 et seq.);
                                                   5.   IMPOSITION OF CONSTRUCTIVE
19                  Defendants.                        TRUST;
                                                   6.   DECLARATORY RELIEF;
20                                                 7.   ASSIGNMENT OF TRADEMARK
                                                       APPLICATIONS AND
21                                                     REGISTRATIONS TO ALL
                                                       "PEACE" MARKS; AND
22                                                 8.   CANCELLATION OF REGISTERED
                                                       MARKS.
23

24                                                 DEMAND FOR JURY TRIAL
25

26

27

28

CONFORMED COPY

Plaintiff, BIBIJI INDERJIT KAUR PURI, files this Complaint for federal and common law trademark infringement of the "YOGI" and "PEACE CEREAL" trademarks, violation of Lanham Act §43(a), unfair competition, unfair trade practices, constructive trust, for a judgment that Defendant, HEARTHSIDE FOOD SOLUTIONS, LLC, does not own and has no right use or to register the "YOGI" "PEACE CEREAL" or any related or confusingly similar trademarks and for an order compelling assignment of all applications and registrations for such marks to Plaintiff, or their cancellation, as follows:

## Jurisdiction and Venue

1.      The Court has subject matter jurisdiction over the claims herein pursuant to 15 U.S.C. §1121, and 28 U.S.C. §1338(a), in that all federal counts arise under the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq.*  This Court has subject matter jurisdiction over the state law counts under 28 U.S.C. §§ 1338(b) and 1367(a) for state law claims that arise from the same facts and circumstances as the federal claims upon which original jurisdiction is based.

2.      BIBIJI is informed and believes and thereon alleges that venue is also proper in this Court under 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendant does business in this District.

## The Parties

3.      Plaintiff BIBIJI INDERJIT KAUR PURI ("Plaintiff" or "BIBIJI") is an individual residing in Los Angeles, California.

4.      BIBIJI is informed and believes and thereon alleges that Defendant HEARTHSIDE FOOD SOLUTIONS, LLC ("Defendant" or "HEARTHSIDE") is an Delaware Limited Liability corporation with a principal place of business in Illinois.

5.      Defendants, DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff.  BIBIJI will amend this Complaint when their true names and capacities are ascertained.  BIBIJI is informed and believes and thereon alleges that each of the fictitiously named Defendant are responsible in some manner for the occurrences herein alleged, and that BIBIJI's damages as herein alleged were proximately caused by each such Defendant.

**COMPLAINT**

6. BIBIJI is informed and believes and on that basis alleges, that at all times herein mentioned, all Defendants herein, whether named or fictitiously designated (hereinafter collectively referred to as "Defendants"), were the agents, servants, employees, joint venturers, and/or the alter egos of the remaining Defendants, and the acts of each Defendant were within the course and scope of their agency, service, employment, and with permission, consent, and ratification of each other Defendant.

### Factual Background
### Yogi Bhajan

7. Yogi Bhajan was a charismatic spiritual leader and successful entrepreneur who introduced Kundalini Yoga and Sikhism to the United States. He was born Harbhajan Singh in what is now Pakistan to a family of healers and community leaders. He studied comparative religion and Vedic philosophy as an undergraduate and went on to receive his Masters in Economics with honors from Punjab University. He also earned a Ph.D. in communications psychology from the University of Humanistic Studies in San Francisco.

8. Yogi Bhajan was a Master of Kundalini Yoga by the age of 16. In the late 1960s, he immigrated from India to Canada, and then to the United States, in order to realize his vision of bringing Kundalini Yoga to the West. He began by teaching workshops, sharing the ancient wisdom of Ayurveda and healthy living that he learned in India. Ayurveda is a system of traditional medicine native to India, which focuses on the use of natural herbs, massage and yoga for healing and healthy living.

9. In response to the drug culture of the 60s, Yogi reached out to youth and taught them the peaceful, inner euphoria they could get naturally from Kundalini Yoga. As a result, young people began flocking to his classes, arriving in busloads. Yogi Bhajan created a family, known as 3HO (Healthy, Happy, Holy Organization) and soon 3HO teaching centers began springing up throughout the United States and across the world, growing to over 300 centers in 35 countries. 3HO was founded on Yogi Bhajan's premise that every human possessed the birthright to be healthy, happy and holy.

10. Yogi Bhajan grew to be internationally known as a religious, community and business

leader with a distinguished reputation as a man of peace, world-vision, wisdom, and compassion. In 1971, he was designated the Siri Singh Sahib, or the Sikh leader in the Western Hemisphere. As the Siri Singh Sahib, he discussed inter-religious dialogue with Pope John Paul II and also worked side-by-side with the Archbishop of Canterbury and the Dalai Lama to foster world peace.

11.    Yogi Bhajan founded International Peace Prayer Day in 1986 as a way for people of different faiths to come together and create a common prayer for peace.    His belief was that peace in the world could only be attained through people finding peace and harmony within their own lives, in their own homes and relationships.

12.    Yogi Bhajan wrote and published over 30 books on topics ranging from consciousness and spirituality to communication and psychology. He also founded several companies, including Defendant HEARTHSIDE, to manufacture and distribute natural products based on his teachings. Yogi Bhajan and his teachings have received extensive media coverage and are well known throughout the United States and the world.

13.    Yogi Bhajan passed away on October 6, 2004 at the age of 75.

### Yogi Tea and Peace Cereal

14.    Beginning around 1969, after his classes, Yogi Bhajan would serve his students a special spiced tea he developed based upon the healing principles of Ayurveda, which his students began affectionately calling "Yogi Tea," referring to the tea that he, Yogi Bhajan had developed.

15.    In or around 1984, with Yogi Bhajan's encouragement and assistance, some of his students formed a company to market and sell this "Yogi Tea." Yogi Bhajan granted the company, which was originally known as the Yogi Tea Company, a license to use his name and likeness and the trademark "Yogi Tea" to market teas based on formulas developed by Yogi Bhajan.

16.    Yogi Bhajan and his wife, Plaintiff BIBIJI, created a joint living trust which thereafter owned and controlled the trademark rights and other intellectual property of Yogi Bhajan. After Yogi Bhajan's death, this trust was terminated with BIBIJI receiving her fifty percent (50%) interest in and to the trust assets, including the trademarks and other intellectual property rights related to Yogi Bhajan. The ownership of the remaining 50% interest in and to the trust assets is disputed with BIBIJI claiming she is entitled to it as a result of certain discretionary expenditures of the community

property estate by Yogi Bhajan without her knowledge or consent.

17. GOLDEN TEMPLE OF OREGON ("GTO") is a successor to the Yogi Tea Company and, in turn, also licensed the right to use Yogi Bhajan's name and likeness, including any trademark, service mark, logo, insignia, seal, design, or any other symbol or device used by or identifying Yogi Bhajan (collectively referred to as the "YOGI BHAJAN MARKS")in connection with the sales of certain goods, including teas and food products. The License was renewed and extended repeatedly until it was replaced with a new license in 2004 with a term of 75 years providing the same scope of license to use the Licensed Marks.

18. Since at least as early as 1998, GTO used Yogi Bhajan's image on its packaging, its websites and sales and marketing materials heralding that the "Yogi behind Yogi Tea is Yogi Bhajan...."

19. Since the beginning and as recently as 2009, at Yogi Bhajan's direction and insistence, GTO started using Yogi Bhajan's image on its packaging, its websites and sales and marketing materials for a line of cereals under the "PEACE CEREAL" trademark. At Yogi Bhajan's direction, 10% of the profits from sales of PEACE CEREAL branded products were donated to support the International Prayer for Peace Day founded by Yogi Bhajan.

20. The Licensed marks therefore include "Yogi Tea," "YOGI" and "PEACE CEREAL."

21. At the end of 2008, GTO announced it had ceased use of Yogi Bhajan's name and likeness. GTO claimed to have terminated the license and ceased paying royalties due under the License. Consequently, GTO no longer has any right to use the Licensed Marks.

22. In fact, GTO continued to use the "Yogi Tea" Licensed Mark, and still uses it today without authorization from the owners of the mark.

23. GTO has also expanded the use of the Yogi mark to cereals without authority or compensation to the owners of the mark.

24. In 2009, GTO sold its cereal business to HEARTHSIDE along with various trademarks, including the PEACE CEREAL trademark. GTO also licensed HEARTHSIDE to use the YOGI mark royalty free until May 2012. GTO informed HEARTHSIDE of BIBIJI's claims to ownership of the YOGI marks and declined to make any representations or warranties as to its own

ownership or rights in connection with the YOGI marks offering an AS-IS Where-IS license only to HEARTHSIDE.

25.    In 2010, BIBIJI sued GTO for trademark infringement and to reclaim ownership and trademark registrations GTO had obtained in the YOGI and YOGI TEA trademarks. The action was referred to Arbitration and an Arbitration Award issued on July 29, 2011, which confirmed BIBIJI's rights to the YOGI and YOGI TEA trademarks and that GTO had no rights in or to the YOGI marks. The Arbitration Decision was based on interpretation of the License Agreement and evidence establishing that Yogi Bhajan had used the YOGI marks and that those marks identified him.

26.    The analysis supporting the Arbitrators' conclusions about the YOGI marks applies equally to the PEACE CEREAL trademark and BIBIJI therefore owns the PEACE CEREAL trademark.

27.    HEARTHSIDE was notified by GTO and by BIBIJI of the results of the Arbitration which confirmed that GTO had no rights to the YOGI marks and that BIBIJI owns such rights.

28.    HEARTHSIDE has continued to use the YOGI mark and has failed to obtain a license from BIBIJI to use the mark.

29.    BIBIJI has informed HEARTHSIDE of her ownership of the PEACE CEREAL trademark and HEARTHSIDE has continued to use the PEACE CEREAL mark and has failed to obtain a license from BIBIJI to use the mark.

## COUNT I

### FEDERAL STATUTORY AND

### COMMON LAW TRADEMARK INFRINGEMENT

### OF THE YOGI AND PEACE TRADEMARKS

30.    BIBIJI hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 29, inclusive.

31.    BIBIJI is the owner of the YOGI trademark and will own the trademark registration for it upon assignment by GTO.

32.    HEARTHSIDE recklessly used and now, with actual knowledge of BIBIJI's rights,

1   continues to use the YOGI and PEACE CEREAL trademarks and trade dress belonging to BIBIJI to

2   promote and advertise Defendants' Goods which are not associated, affiliated, connected with, or

3   authorized, approved, produced or sponsored by BIBIJI.  Defendants' continued unlawful use is

4   likely to cause confusion, deception, or mistake as to the source, association, affiliation or

5   sponsorship of Defendants' Goods.

6       33.    As a direct and proximate result of Defendants' illegal activities, BIBIJI has suffered

7   serious damage and unless Defendants are restrained from continuing their wrongful acts, the

8   damage to BIBIJI, which is irreparable, will increase.

9       34.    The aforesaid acts of Defendants constitute willful trademark infringement in

10  violation of BIBIJI's rights at common law and under the Federal Lanham Act.

11      35.    BIBIJI has no adequate remedy at law.

12

13                          COUNT II
        VIOLATION OF SECTION 43(a) OF THE LANHAM ACT
14

15      36.    BIBIJI hereby realleges, as if fully set forth, the allegations of paragraphs 1 through

16  35, inclusive.

17      37.    Defendants' acts alleged above constitute a false designation and description as to the

18  origin, quality, association, affiliation, sponsorship and characteristics of Defendants' goods to be

19  sold under the YOGI and PEACE CEREAL MARKS.

20      38.    Upon information and belief, Defendants acted recklessly, and now with actual

21  knowledge of BIBIJI's trademark rights, and with knowledge that Defendants' acts constitute a false

22  designation and description of the origin, quality, association, affiliation, sponsorship and

23  characteristics of the goods bearing the YOGI MARKS as alleged above.

24      39.    Defendants' acts constitute false designations and/or descriptions of origin, false

25  association, affiliation and/or sponsorship in violation of BIBIJI's rights under Section 1125(a) of the

26  Trademark Act of 1946 (Section 43(a) of the Lanham Act; 15 U.S.C. § 1051, et. seq.)

27      40.    Upon information and belief, Defendants' acts are destroying the exclusive

28  association of the YOGI and PEACE CEREAL MARKS with their rightful owners, and has harmed

**COMPLAINT**

1   BIBIJI thereby, including, but not limited to, the loss of royalty income from the licensing of the

2   YOGI MARKS.

3         41.      Unless Defendants are immediately restrained from continuing their wrongful acts,

4   the damage to BIBIJI, which is irreparable, will increase.

5         42.      BIBIJI has no adequate remedy at law.

6

7   <center>**COUNT III**</center>

8   <center>**UNFAIR COMPETITION**</center>

9         43.      BIBIJI repeats, as if fully set forth herein, the allegations set forth in paragraphs 1

10   through 42.

11         44.      Upon information and belief, Defendants have committed acts of unfair competition

12   and have unlawfully traded upon the valuable goodwill and reputation of the YOGI MARKS in

13   violation of the common law of the State of California, in that Defendants are claiming ownership of

14   the PEACE CEREAL MARK and a right to use the PEACE CEREAL and YOGI marks on goods

15   when, in fact, Defendant has no rights to the PEACE CEREAL mark as GTO had no rights in that

16   mark to sell, and no right to use the YOGI mark, as GTO had no right to license.  Defendants are

17   attempting to appropriate the PEACE CEREAL MARK for their own use to the exclusion of the

18   rightful owners and seek to use the YOGI mark without BIBIJI's consent.

19         45.      Defendants are creating confusion in the marketplace as to the ownership, association,

20   affiliation, and sponsorship of the YOGI MARKS by claiming ownership in themselves.  Upon

21   information

22   and belief, Defendants have been unjustly enriched by their acts of unfair competition to the

23   exclusion of BIBIJI.

24         46.      Upon information and belief, Defendants have intentionally misappropriated the

25   commercial value of the PEACE CEREAL and YOGI MARKS, have unlawfully acted to damage

26   the source-identifying quality of said marks, and has created circumstances which adversely affect

27   the value of the goodwill and reputation associated with those marks.

28   ///

47.     BIBIJI is informed and believes, and thereupon alleges, that the acts alleged above were willful, fraudulent, malicious and oppressive and were undertaken with the intent to harm BIBIJI, or were done with reckless disregard of BIBIJI's rights, and justify the awarding of punitive damages so as to set an example and to deter others from engaging in such conduct.

48.     BIBIJI has suffered, is suffering, and will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law.

### COUNT IV
### UNFAIR TRADE PRACTICES
### (Cal. Bus. and Prof. Code §17200 et seq.)

49.     BIBIJI repeats, as if fully set forth herein, the allegations set forth in paragraphs 1 through 48.

50.     Upon information and belief, Defendant have engaged in acts of statutory unfair competition as defined in California Business and Professions Code Section 17200, including unfair and fraudulent business practices.

51.     BIBIJI is entitled to an injunction under California Business and Professions Code Section 17203 enjoining Defendants from engaging in its unlawful acts, and restoration of any money or property which Defendants acquired through their acts of unfair competition.

52.     BIBIJI and the public have no adequate remedy at law and therefore ask that Defendants be enjoined from their unlawful use of the YOGI MARKS.

### COUNT V
### IMPOSITION OF CONSTRUCTIVE TRUST
### (California Civil Code § 2224)

53.     BIBIJI hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 52, inclusive.

54.     By reason of the wrongful acts of Defendants as set forth above, Defendants are involuntary trustees of all rights and goodwill associated with the YOGI and PEACE CEREAL MARKS, together with all income or funds received by Defendants from their wrongful acts.

///

55.     Defendants should be required to turn over all such income or funds unlawfully obtained.

## COUNT VI
## DECLARATORY RELIEF

56.     BIBIJI hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 55, inclusive.

57.     An actual controversy exists between BIBIJI and Defendants in that Defendants contend that they own the PEACE CEREAL marks and have the right to use the YOGI MARKS in relation to cereals, whereas BIBIJI contends that she owns the YOGI and PEACE CEREAL MARKS and she has not granted any rights to HEARTHSIDE to use such marks.

58.     A justiciable controversy exists concerning whether Defendant or BIBIBJI owns the PEACE CEREAL mark and whether HEARTHSIDE has the right to use the YOGI MARKS.

59.     BIBIJI requests that the Court issue a judgment declaring that BIBIJI is the owner of the YOGI and PEACE CEREAL MARKS and that Defendants have no right to advertise, offer to sell or sell any products or services using the YOGI or PEACE CEREAL MARKS, or any mark confusingly similar thereto, and that Defendants shall assign to BIBIJI all rights, title and interest to any marks, registered or otherwise.

## COUNT VII
## ASSIGNMENT OF TRADEMARK APPLICATIONS AND REGISTRATIONS
## TO ALL PEACE MARKS

60.     BIBIJI repeats, as if fully set forth herein, the allegations set forth in paragraphs 1 through 59.

61.     Defendants claims to have acquired a registration for the PEACE CEREAL mark in International Class 030 for "breakfast cereal" from Golden Temple of Oregon.

62.     As set forth above, Defendants have no right to use the PEACE CEREAL MARK or any marks confusingly similar thereto. Nonetheless, Defendants claims to own the foregoing MARK, and has wrongfully obtained registrations for the PEACE CEREAL mark.

**COMPLAINT**

63.     This Court should order immediate assignment of such registration and any pending applications to their rightful owner, BIBIJI, the successor in interest to Yogi Bhajan.

### COUNT VIII
### CANCELLATION OF REGISTERED MARK
### (15 U.S.C. §1119)

64.     BIBIJI repeats, as if fully set forth herein, the allegations set forth in paragraphs 1 through 63.

65.     Defendants have no right to use the YOGI MARKS or any marks confusingly similar thereto. Defendants have obtained registrations for the PEACE CEREAL MARK which are identical in sight, sound and meaning as the PEACE CEREAL MARKS as used by and associated with Yogi Bhajan.

66.     BIBIJI will be irreparably damaged if Defendants are permitted to maintain the registrations for the foregoing PEACE MARKS.

67.     If this Court does not order the assignment of all registrations of the PEACE MARKS to BIBIJI as requested herein then, alternatively, this Court should issue an order directing the USPTO to cancel Defendant's registrations for PEACE CEREAL, and any other YOGI MARKS.

### PRAYER FOR RELIEF

Wherefore, BIBIJI prays:

1.     That Defendants be found liable to Plaintiff for Defendants' infringement of Plaintiff's YOGI and PEACE MARKS.

2.     That this Court issue an injunction prohibiting Defendants, their directors, and officers, agents, servants, employees and all persons in active concert or privity or in participation with Defendants, from infringing Plaintiff's YOGI and PEACE trademarks by the use of the YOGI and PEACE CEREAL MARKS or any confusingly similar names, marks or designations.

3.     That this Court award Plaintiff up to treble damages against Defendants in view of its willful conduct.

---

**COMPLAINT**

4.    That this Court award punitive and exemplary damages against Defendants and in favor of Plaintiff.

5.    That Plaintiff be awarded an amount to be determined for corrective advertising to allow for the recapture of the source-identifying function of Plaintiff's marks and trade dress.

6.    That Defendants, their directors, and officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined from making and disseminating false and misleading statements regarding the ownership, affiliation, association, sponsorship of the YOGI MARKS or otherwise committing any acts of unfair competition.

7.    Directing Defendants to pay to Plaintiff all gains, profits, and advantages, and to turn over all trademark, trade dress and other rights, derived by Defendants from the aforesaid unfair trade practices, unfair competition and violations of Cal Civil Code § 2224.

8.    Directing restitutionary damages for Defendants' violations of Cal. Bus. & Prof. Code §17200 *et. seq.*.

9.    That this Court order immediate assignment of Defendants' registrations for PEACE CEREAL and applications to register PEACE CEREAL, and any other PEACE MARKS to their rightful owner, Plaintiff, the successor in interest to Yogi Bhajan.

10.   Alternatively, that this Court issue an order directing the USPTO to cancel Defendant's registrations for the PEACE CEREAL mark.

11.   That costs of this action be awarded Plaintiff.

12.   That Plaintiff be awarded both prejudgment and post-judgment interest on each and every damage award.

13.   That this Court determine that this is an exceptional case and that Plaintiff be awarded its reasonable attorney fees.

14.   That this Court determine that Defendant has acted wantonly, recklessly, maliciously, oppressively or with mendacious contempt for the rights of Plaintiff and that Plaintiff is entitled to punitive damages.

///

15.     That this Court grant such other and further relief as it shall deem just and proper.

Dated: October 19, 2011                THE SONI LAW FIRM

                                        By: _____
                                            Surjit P. Soni
                                            M. Danton Richardson
                                            Leo E. Lundberg, Jr.
                                            Attorneys for Plaintiff,
                                            BIBIJI INDERJIT KAUR PURI

## DEMAND FOR JURY TRIAL

Plaintiff BIBIJI hereby demands a jury trial in the above-entitled action.

Dated:   October 19, 2011                THE SONI LAW FIRM

By:_____
   Surjit P. Soni
   M. Danton Richardson
   Leo E. Lundberg, Jr.
   Attorneys for Plaintiff,
   BIBIJI INDERJIT KAUR PURI

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV11- 8675 JFW (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Surjit P. Soni (State No. 127419)
Danton M. Richardson (State No. 141709)
Leo Lundberg (State No. 125951)
The Soni Law Firm, 35 N. Lake Ave., Suite 720
Pasadena, CA 91101

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Bibiji Inderjit Kaur Puri, an individual,

PLAINTIFF(S)

v.

Hearthside Food Solutions, LLC, Delaware Limited
Liability Corporation;
Does 1-10,

DEFENDANT(S).

CASE NUMBER

CV11 08675 JFW

SSx

**SUMMONS**

TO:   DEFENDANT(S): Hearthside Food Solutions, LLC, Delaware Limited Liability Corporation;
Does 1-10.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Surjit P. Soni_____, whose address is _35 N. Lake Ave., Suite 720, Pasadena, CA 91101_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _October 19, 2011_____

By: _____
CHRISTOPHER POWERS

Deputy Clerk

*(Seal of the Court)*

1181

CONFORMED COPY

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                              SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Bibiji Inderjit Kaur Puri, an individual, | DEFENDANTS<br>Hearthside Food Solutions, LLC, an Oregon Limited Liability Corporation;<br>Does 1-10, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>The Soni Law Firm<br>35 N. Lake Ave., Suite 720<br>Pasadena, CA 91101 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT    JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Section 1051 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |

CV11   08675

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                                    CIVIL COVER SHEET                                                    Page 1 of 2

CONFORMED COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinios |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date October 19, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |