Rhonda R. Trotter (State Bar No. 169241)
Email address:  rtrotter@kayescholer.com
Amanda Myers (State Bar No. 267591)
Email address:  amanda.myers@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067
Telephone:  (310) 788-1000
Facsimile:   (310) 788-1200

Attorneys for Defendant
Hearthside Food Solutions, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BIBIJI INDERJIT KAUR PURI, | Case No. CV 11-08675-JFW (SSx) |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT HEARTHSIDE FOOD SOLUTIONS, LLC'S MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |
| v. | |
| HEARTHSIDE FOOD SOLUTIONS, LLC, | |
| Defendant. | |
| | Date:      December 19, 2011 |
| | Time:      1:30 p.m. |
| | Place:     Courtroom 16 |
| | Hon. John F. Walter |

60483873

KAYE SCHOLER LLP

Pursuant to Federal Rule of Evidence 201(b), Defendant Hearthside Food Solutions, LLC ("Hearthside") respectfully requests that the Court take judicial notice of the facts listed below and the documents attached hereto, which are public records of the United States Patent and Trademark Office (the "PTO") and the United States District Court for the District of Oregon.

Facts 1 through 7 are public records of the PTO that are fit for judicial notice. *See Metro Pub. v. San Jose Mercury News*, 987 F.2d 637, 641 n.3 (9th Cir. 1993) (taking judicial notice of trademark registration); *Unuson Corp. v. Built Entm't Group, Inc.*, 2006 U.S. Dist. LEXIS 2207, at *4 (N.D. Cal. 2006) (taking judicial notice of PTO filings including registration and cancellation); *Seimers v. Wells Fargo & Co.*, 2006 U.S. Dist. LEXIS 81097, at *42 n.6 (N.D. Cal. 2006) (taking judicial notice of an electronic search result issued by the PTO); *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004) (taking judicial notice of a trademark registration); *Metro Publ'g, Inc. v. Surfmet, Inc.*, 2002 U.S. Dist. LEXIS 26232, at *2 n.2, *4-5 (N.D. Cal. 2002) (taking judicial notice of PTO filings including applications and letter briefs to the PTO).

Fact 8 is public record of the United States District Court for the District of Oregon. The Court may properly take judicial notice of these pleadings. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("[W]e may take judicial notice of matters of public record outside of the pleadings."); *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996) (holding a Court may take judicial notice of a publicly filed document "for the purposes of determining what statements the documents contain").

The accuracy of the documents attached hereto "cannot reasonably be questioned." Fed. R. Evid. 201(b). The accuracy of the PTO public records can be verified by reference to the PTO's "Trademark Electronic Search System ('TESS')," which is available through the PTO's website at <www.uspto.gov>. The accuracy of the court filings can be verified by reference to the Court's files.

KAYE SCHOLER LLP

1    Hearthside therefore requests that the Court take judicial notice of the following

2    documents, true and correct copies of which are attached hereto:

3    1.    Trademark Assignment of Abstract of Title for the mark Peace Cereal as

4    of November 11, 2011, as reflected in the PTO's Trademark Electronic Search

5    System, available at

6    http://assignments.uspto.gov/assignments/q?db=tm&qt=sno&reel=&frame=&sno=763

7    62596.  (Attached as **Exhibit A** hereto.)

8    2.    Combined Declaration of Use and Incontestability Under Sections 8 & 15

9    for the mark Peace Cereal, dated May 20, 2008.  (Attached as **Exhibit B** hereto.)

10   3.    PTO's Notice of Acceptance of the Combined Declaration of Use and

11   Incontestability Under Sections 8 &15 for the mark Peace Cereal, dated June 5, 2008.

12   (Attached as **Exhibit C** hereto.)

13   4.    Registration certificate for PEACE CEREAL, issued by the PTO and

14   bearing registration number 2,642,793, registered on the Principal Register October

15   29, 2002.  (attached as **Exhibit D** hereto.)

16   5.    Registration certificate for YOGI, issued by the PTO and bearing

17   registration number 3,607,292, registered on the Principal Register April 14, 2009.

18   (attached as **Exhibit E** hereto.)

19   6.    Registration certificate for YOGI TEA, issued by the PTO and bearing

20   registration number 1,980,514, registered on the Principal Register June 18, 1996.

21   (attached as **Exhibit F** hereto.)

22   7.    Registration certificate for YOGI TEA (stylized), issued by the PTO and

23   bearing registration number 3,435,101, registered on the Principal Register May 27,

24   2008.  (attached as **Exhibit G** hereto.)

25   ///

26   ///

27   ///

28   ///

8.      Hearthside's Complaint for Declaration of Trademark Non-Infringement Under Lanham Act, 28 U.S.C. § 2201, filed on October 13, 2011, in the action *Hearthside Food Solutions, LLC v. Bibiji Inderjit Kaur Puri*, 3:11-cv-01238 HU (Dist. of Or.).  (Attached hereto as **Exhibit H.**)

DATED:  November 14, 2011

Respectfully Submitted,
KAYE SCHOLER LLP


By: _/s/_ Rhonda R. Trotter _____
     Rhonda R. Trotter
Attorneys for Defendant
HEARTHSIDE FOOD SOLUTIONS, LLC.

KAYE SCHOLER LLP

3

# EXHIBIT A



**United States Patent and Trademark Office**



## Assignments on the Web > <u>Trademark Query</u>

# Trademark Assignment Abstract of Title

**Total Assignments: 4**

| | | | |
|---|---|---|---|
| **Serial #:** <u>76362596</u> | **Filing Dt:** 01/23/2002 | **Reg #:** <u>2642793</u> | **Reg. Dt:** 10/29/2002 |

**Registrant:** Golden Temple of Oregon, Inc.

**Mark:** PEACE CEREAL

## Assignment: 1

**Reel/Frame:** <u>3626/0338</u>       **Received:** 09/21/2007       **Recorded:** 09/21/2007       **Pages:** 8

**Conveyance:** ENTITY CONVERSION

**Assignor:** <u>GOLDEN TEMPLE OF OREGON, INC.</u>

    **Exec Dt:** 08/28/2007

    **Entity Type:** CORPORATION

    **Citizenship:** OREGON

**Assignee:** <u>GOLDEN TEMPLE OF OREGON, LLC</u>
2545 PRAIRIE ROAD
EUGENE, OREGON 97402

    **Entity Type:** LIMITED LIABILITY COMPANY

    **Citizenship:** OREGON

**Correspondent:** MICHAEL A. COHEN
1211 S.W. FIFTH AVENUE
SUITES 1500-1900
PORTLAND, OR 97204

## Assignment: 2

**Reel/Frame:** <u>4202/0680</u>       **Received:** 05/10/2010       **Recorded:** 05/10/2010       **Pages:** 10

**Conveyance:** ASSIGNMENT OF AN UNDIVIDED PART OF ASSIGNORS INTEREST

**Assignor:** <u>GOLDEN TEMPLE OF OREGON, LLC</u>

    **Exec Dt:** 05/10/2010

    **Entity Type:** LIMITED LIABILITY COMPANY

    **Citizenship:** OREGON

**Assignee:** <u>HEARTHSIDE FOOD SOLUTIONS, LLC</u>
5353 BROADMOOR, SE
SUITE 100
KENTWOOD, MICHIGAN 49512

    **Entity Type:** LIMITED LIABILITY COMPANY

    **Citizenship:** DELAWARE

**Correspondent:** LASHANA C. JIMMAR, PARALEGAL
GREENBERG TRAURIG, LLP
3290 NORTHSIDE PARKWAY, SUITE 400
ATLANTA, GA 30327

## Assignment: 3

**Reel/Frame:** <u>4203/0093</u>       **Received:** 05/11/2010       **Recorded:** 05/11/2010       **Pages:** 9

**Conveyance:** SECURITY INTEREST

**Assignors:** <u>HEARTHSIDE FOOD SOLUTIONS, LLC</u>

    **Exec Dt:** 05/10/2010

    **Entity Type:** LIMITED LIABILITY COMPANY

    **Citizenship:** DELAWARE

<u>HEARTHSIDE HOLDCO, LLC</u>

    **Exec Dt:** 05/10/2010

    **Entity Type:** LIMITED LIABILITY COMPANY

    **Citizenship:** DELAWARE

**Assignee:** <u>COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., "RABOBANK NEDERLAND", NEW YORK BRANCH, AS ADMINISTRATIVE AGENT</u>
245 PARK AVENUE

    **Entity Type:** NEW YORK STATE LICENSE BRANCH OF A DUTCH BANKING COOPERATIEVE

    **Citizenship:** NETHERLANDS

**Exhibit A**
**Page 4**

37TH FLOOR
NEW YORK, NEW YORK 10167
**Correspondent:** LASHANA C. JIMMAR, PARALEGAL
GREENBERG TRAURIG, LLP
3290 NORTHSIDE PARKWAY, SUITE 400
ATLANTA, GA 30327

## Assignment: 4

**Reel/Frame:** 4205/0877   **Received:** 05/13/2010   **Recorded:** 05/13/2010   **Pages:** 7

**Conveyance:** CORRECTIVE ASSIGNMENT TO CORRECT THE THE NATURE OF CONVEYANCE: IT SHOULD READ - ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL PREVIOUSLY RECORDED ON REEL 004202 FRAME 0680. ASSIGNOR(S) HEREBY CONFIRMS THE ASSIGNMENT OF AN UNDIVIDED PART OF ASSIGNOR'S INTEREST.

**Assignor:** GOLDEN TEMPLE OF OREGON, LLC    **Exec Dt:** 05/10/2010

**Entity Type:** LIMITED LIABILITY COMPANY
**Citizenship:** OREGON

**Assignee:** HEARTHSIDE FOOD SOLUTIONS, LLC
5353 BROADMOOR, SE
SUITE 100
KENTWOOD, MICHIGAN 49512

**Entity Type:** LIMITED LIABILITY COMPANY
**Citizenship:** DELAWARE

**Correspondent:** LASHANA C. JIMMAR, PARALEGAL
GREENBERG TRAURIG, LLP
3290 NORTHSIDE PARKWAY, SUITE 400
ATLANTA, GA 30327

Search Results as of: 11/11/2011 02:44 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.2
Web interface last modified: July 25, 2011 v.2.2

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

**Exhibit A**
**Page 5**

# EXHIBIT B

PTO Form 1583 (Rev 5/2006)
OMB No. 0651-0055 (Exp 12/31/2011)

# Combined Declaration of Use and Incontestability Under Sections 8 & 15

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **REGISTRATION NUMBER** | 2642793 |
| **REGISTRATION DATE** | 10/29/2002 |
| **SERIAL NUMBER** | 76362596 |
| **MARK SECTION** | |
| **MARK** | PEACE CEREAL |
| **OWNER SECTION (current)** | |
| **NAME** | Golden Temple of Oregon, Inc. |
| **STREET** | 2545 Prairie Road |
| **CITY** | Eugene |
| **STATE** | Oregon |
| **ZIP/POSTAL CODE** | 97402 |
| **COUNTRY** | United States |
| **OWNER SECTION (proposed)** | |
| **NAME** | Golden Temple of Oregon, LLC |
| **STREET** | 2545 Prairie Road |
| **CITY** | Eugene |
| **STATE** | Oregon |
| **ZIP/POSTAL CODE** | 97402 |
| **COUNTRY** | United States |
| **ATTORNEY SECTION (current)** | |
| **NAME** | Arthur L. Whinston |
| **FIRM NAME** | KLARQUIST SPARKMAN, LLP |
| **INTERNAL ADDRESS** | 121 S.W. SALMON STREET |

| STREET | ONE WORLD TRADE CENTER, SUITE 1600 |
|---|---|
| CITY | PORTLAND |
| STATE | OREGON |
| POSTAL CODE | 97204 |
| COUNTRY | United States |
| PHONE | (503) 226-7391 |
| ATTORNEY DOCKET NUMBER | 1865-61802/A |
| **ATTORNEY SECTION (proposed)** | |
| NAME | Michael A. Cohen |
| FIRM NAME | Schwabe, Williamson & Wyatt |
| INTERNAL ADDRESS | Suite 1900 |
| STREET | 1211 SW Fifth Avenue |
| CITY | PORTLAND |
| STATE | Oregon |
| POSTAL CODE | 97204 |
| COUNTRY | United States |
| PHONE | 503-222-9981 |
| FAX | 503-796-2900 |
| EMAIL | trademarks@schwabe.com |
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |
| ATTORNEY DOCKET NUMBER | 032833145444 |
| OTHER APPOINTED ATTORNEY | Yvonne E. Tingleaf |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 030 |
| GOODS OR SERVICES | KEEP ALL LISTED |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT\IMAGEOUT\7 63\625\76362596\xml1\8150 002.JPG |
| SPECIMEN DESCRIPTION | digital scan of product packaging for the goods with the mark thereon |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 1 |

**Exhibit B**
**Page 7**

| | |
|---|---|
| **NUMBER OF CLASSES PAID** | 1 |
| **SUBTOTAL AMOUNT** | 300 |
| **TOTAL FEE PAID** | 300 |
| **SIGNATURE SECTION** | |
| **SIGNATURE** | /yvonne e. tingleaf/ |
| **SIGNATORY'S NAME** | Yvonne E. Tingleaf |
| **SIGNATORY'S POSITION** | Attorney of record |
| **DATE SIGNED** | 05/20/2008 |
| **PAYMENT METHOD** | DA |
| **FILING INFORMATION** | |
| **SUBMIT DATE** | Tue May 20 19:11:26 EDT 2008 |
| **TEAS STAMP** | USPTO/S08N15-209.237.75.6 7-20080520191126071389-26 42793-4006d1afb31e635a884 98970f579d45c5a-DA-3314-2 0080520164058540455 |

**Exhibit B**
**Page 8**

PTO Form 1583 (Rev 5/2006)
OMB No. 0651-0055 (Exp 12/31/2011)

## Combined Declaration of Use and Incontestability Under Sections 8 & 15 To the Commissioner for Trademarks:

**REGISTRATION NUMBER:** 2642793
**REGISTRATION DATE:** 10/29/2002

**MARK:** PEACE CEREAL

The owner, Golden Temple of Oregon, LLC, having an address of
    2545 Prairie Road
    Eugene, Oregon 97402
    United States
is filing a Combined Declaration of Use and Incontestability Under Sections 8 & 15.

For International Class 030, the mark is in use in commerce on or in connection with **all** of the goods or services listed in the existing registration for this specific class; **and** the mark has been continuously used in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still in use in commerce on or in connection with **all** goods or services listed in the existing registration for this class. Also, no final decision adverse to the owner's claim of ownership of such mark for those goods or services exists, or to the owner's right to register the same or to keep the same on the register; and, no proceeding involving said rights pending and not disposed of in either the U.S. Patent and Trademark Office or the courts exists.

The owner is submitting one specimen for this class showing the mark as used in commerce on or in connection with any item in this class, consisting of a(n) digital scan of product packaging for the goods with the mark thereon.
Specimen File1

The registrant hereby appoints Michael A. Cohen and Yvonne E. Tingleaf of  Schwabe, Williamson & Wyatt
    Suite 1900
    1211 SW Fifth Avenue
    PORTLAND, Oregon 97204
    United States
to file this Combined Declaration of Use and Incontestability Under Sections 8 & 15 on behalf of the registrant.  The attorney docket/reference number is 032833145444.

A fee payment in the amount of $300 will be submitted with the form, representing payment for 1 class(es), plus any additional grace period fee, if necessary.

### Declaration

*The owner, or its related company, is using the mark in commerce on or in connection with the goods*

**Exhibit B**
**Page 9**

*and/or services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce. The owner, or its related company, has continuously used the mark in commerce on or in connection with the goods and/or services identified above, for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still using the mark in commerce on or in connection with the identified goods and/or services. There has been no final decision adverse to the owner's claim of ownership of such mark for such goods and/or services, or to the owner's right to register the same or to keep the same on the register; and there is no proceeding involving said rights pending and not disposed of either in the U.S. Patent and Trademark Office or in the courts.*

The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.


Signature: /yvonne e. tingleaf/     Date: 05/20/2008
Signatory's Name: Yvonne E. Tingleaf
Signatory's Position: Attorney of record

Mailing Address **(current):**
  KLARQUIST SPARKMAN, LLP
  ONE WORLD TRADE CENTER, SUITE 1600
  PORTLAND, OREGON 97204

Mailing Address **(proposed):**
  Schwabe, Williamson & Wyatt
  1211 SW Fifth Avenue
  PORTLAND, Oregon 97204

Serial Number: 76362596
Internet Transmission Date: Tue May 20 19:11:26 EDT 2008
TEAS Stamp: USPTO/S08N15-209.237.75.67-2008052019112
6071389-2642793-4006d1afb31e635a88498970
f579d45c5a-DA-3314-20080520164058540455

**Exhibit B**
**Page 10**



**ROUTING SHEET TO POST REGISTRATION (PRU)**     **Registration Number:**   2642793

**Serial Number:**   76362596

**RAM Sale Number:  3314**

**RAM Accounting Date:  20080521**

**Total Fees:**     $300

Note:  Process in accordance with Post Registration Standard Operating Procedure (SOP)

| Transaction | Fee Code | Transaction Date | Fee per Class | Number of Classes | Number of Classes Paid | Total Fee |
|---|---|---|---|---|---|---|
| §8 affidavit | 7205 | 20080520 | $100 | 1 | 1 | $100 |
| §15 affidavit | 7208 | 20080520 | $200 | 1 | 1 | $200 |

Physical Location: 900  - FILE REPOSITORY (FRANCONIA)

Lost Case Flag: False

In TICRS (AM-FLG-IN-TICRS): True

**Transaction Date:**   20080520

**Exhibit B**
**Page 12**

# EXHIBIT C



## UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

REGISTRATION NO:  2642793     SERIAL NO:  76/362596     MAILING DATE:  06/05/2008
REGISTRATION DATE:  10/29/2002
MARK:   PEACE CEREAL
REGISTRATION OWNER:   Golden Temple of Oregon, LLC

**CORRESPONDENCE ADDRESS:**

Michael A. Cohen
Schwabe, Williamson & Wyatt
Suite 1900
1211 SW Fifth Avenue
PORTLAND OR 97204

# NOTICE OF ACCEPTANCE
15  U.S.C.  Sec.  1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF
SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# NOTICE OF ACKNOWLEDGEMENT
15  U.S.C.  Sec.  1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 15 OF
THE TRADEMARK ACT, 15 U.S.C. Sec. 1065.

**ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):**
030.

ROBERTS, SHARON YVONNE
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

**PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION**
ORIGINAL

**Exhibit C
Page 13**

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**

**I) SECTION 8: AFFIDAVIT OF CONTINUED USE**

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**


**II) SECTION 9: APPLICATION FOR RENEWAL**

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**


**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE.  IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

Exhibit C
Page 14

# EXHIBIT D

**Int. Cl.: 30**

**Prior U.S. Cl.: 46**

**Reg. No. 2,642,793**

## United States Patent and Trademark Office

Registered Oct. 29, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## PEACE CEREAL

GOLDEN TEMPLE OF OREGON, INC. (OREGON CORPORATION)
2545 PRAIRIE ROAD
EUGENE, OR 97402

FOR: BREAKFAST CEREAL, IN CLASS 30 (U.S. CL. 46).

FIRST USE 12-1-1997; IN COMMERCE 12-1-1997.

OWNER OF U.S. REG. NO. 2,558,166.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CEREAL", APART FROM THE MARK AS SHOWN.

SER. NO. 76-362,596, FILED 1-23-2002.

NELSON SNYDER, EXAMINING ATTORNEY

# EXHIBIT E

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

Reg. No. 3,607,292

Registered Apr. 14, 2009

### TRADEMARK
### PRINCIPAL REGISTER

# YOGI

GOLDEN TEMPLE OF OREGON, LLC (OREGON
 LIMITED LIABILITY COMPANY)
2545 PRAIRIE ROAD
EUGENE, OR 97402

 FOR: TEA AND READY-TO-DRINK TEA, IN
CLASS 30 (U.S. CL. 46).

 FIRST USE 12-26-2008; IN COMMERCE 12-26-2008.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

 OWNER OF U.S. REG. NO. 1,980,514.

 SN 77-423,965, FILED 3-17-2008.

ERIN FALK, EXAMINING ATTORNEY

# EXHIBIT F

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. 1,980,514

## United States Patent and Trademark Office   Registered June 18, 1996

### TRADEMARK
#### PRINCIPAL REGISTER

### YOGI TEA

YOGI G, INC. (CALIFORNIA CORPORATION),
   DBA THE YOGI TEA COMPANY
1616 PREUSS ROAD
LOS ANGELES, CA 90035

   FOR: TEA, IN CLASS 30 (U.S. CL. 46).
   FIRST   USE   3–8–1983;   IN   COMMERCE
3–8–1983.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "TEA", APART FROM THE
MARK AS SHOWN.

   SER. NO. 74–578,588, FILED 9–26–1994.

SAMUEL E. SHARPER JR., EXAMINING AT-
TORNEY

Exhibit F
Page 17

# EXHIBIT G

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

Reg. No. 3,435,101
Registered May 27, 2008

### TRADEMARK
### PRINCIPAL REGISTER



GOLDEN TEMPLE OF OREGON, LLC (OREGON LTD LIAB CO)
2545 PRAIRIE ROAD
EUGENE, OR 97402

FOR: TEA, IN CLASS 30 (U.S. CL. 46).

FIRST USE 3-9-2007; IN COMMERCE 4-9-2007.

OWNER OF U.S. REG. NO. 1,980,514.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TEA" , APART FROM THE MARK AS SHOWN.

THE COLOR(S) BROWN AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE STYLIZED WORDS "YOGI TEA" IN THE COLOR WHITE, WITH THE DESIGN OF A LOTUS FLOWER IN THE COLOR WHITE ABOVE THE "T" IN THE WORD "YOGI"; THE SURROUNDING BACKGROUND IS A GRADIENT OF THE COLOR BROWN WHICH IS CURVED ON THE RIGHT AND LEFT EDGES AND POINTED AT THE TOP AND BOTTOM EDGES.

SER. NO. 77-282,834, FILED 9-18-2007.

DEIRDRE ROBERTSON, EXAMINING ATTORNEY

# EXHIBIT H

**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiff Hearthside Food Solutions, LLC



# COPY

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **HEARTHSIDE FOOD SOLUTIONS, LLC,**<br>a Delaware Limited Liability Company, | CV 11-1238 HU<br>CV No. _____ |
| Plaintiff, | COMPLAINT FOR DECLARATION OF<br>TRADEMARK NON-INFRINGEMENT<br>UNDER LANHAM ACT, 28 U.S.C. § 2201 |
| v. | |
| **BIBIJI INDERJIT KAUR PURI,** | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Hearthside Food Solutions, LLC complains and alleges as follows:

### PARTIES

1.     Plaintiff Hearthside Food Solutions, LLC ("Hearthside"), is a limited liability company organized under the laws of Delaware, with its principal place of business in Illinois.

2.     Defendant Bibiji Inderjit Kaur Puri ("Defendant") is an individual and, upon information and belief, is a citizen and resident of California.

PAGE 1 -   COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

**Exhibit H**
**Page 19**

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201, as well as 15 U.S.C. §§ 1116 and 1121, as this is a declaratory judgment action with respect to the parties' rights arising under federal trademark law.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

5.     Defendant is subject to the personal jurisdiction and venue of this Court at least by virtue of doing business within this judicial district, and by having availed herself of the benefits and protections of the laws of Oregon by commencing litigation within this judicial district.

## FACTS

6.     Hearthside is a contract manufacturer of baked goods, primarily grain-based snack foods and cereals. Hearthside is the largest privately-owned bakery in the United States.

7.     Hearthside is the owner of the registered trademark, "Peace Cereal" (the "Peace Mark"), which was registered on October 29, 2002, with United States Patent and Trademark Office Registration No. 2642793.

8.     Hearthside uses the Peace Mark in commerce on cereal products sold in various markets, grocery stores, supermarkets, and over the internet.

9.     Hearthside is the owner of the trademark "Golden Temple" (the "Golden Temple Mark"), which has acquired common law trademark rights. Hearthside uses the Golden Temple Mark in commerce on various baked products, including granola products, sold in various markets, grocery stores, supermarkets, and over the internet.

10.     Hearthside is an authorized user of the common law trademark YOGI (the "Yogi Mark"), pursuant to a Trademark License Agreement between Hearthside and Golden Temple of

PAGE 2 -   COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

708480.0139/5193443.1

**Exhibit H
Page 20**

Oregon, LLC dated May 10, 2010.   Hearthside is authorized to manufacture, distribute, advertise, promote and sell cereals and granola snacks using the Yogi Mark.

11.     Defendant is the widow of Harbhajan Singh Khalsa Yogiji a/k/a Yogi Bhajan.

12.     Defendant has asserted that she is the lawful owner of the Yogi Mark, the Peace Mark and the Golden Temple Mark, as an heir of Yogi Bhajan, and has accused Hearthside of infringing her trademark rights by using the Yogi Mark, the Peace Mark, and the Golden Temple Mark on Hearthside products.  Defendant has further demanded that Hearthside either enter into licensing agreements with Defendant in order to continue using those marks or that Hearthside discontinue its use of the marks.  Defendant informed Hearthside via e-mail that if Hearthside did not meet her settlement demands, she would file suit against Hearthside.

13.     Though Hearthside has attempted to resolve this dispute with Defendant through negotiation, those attempts have been unsuccessful and, as a result, an actual case or controversy exists regarding Hearthside's alleged trademark infringement of the Peace Mark, the Golden Temple Mark, and the Yogi Mark.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the Peace Mark)

14.     Hearthside repeats and re-alleges each and every allegation contained in paragraphs 1-13, as though fully set forth herein.

15.     Hearthside is the legal and rightful owner of the Peace Mark for use on cereal products.  As such, Hearthside is entitled to use the Peace Mark as a trademark on its cereal products.

16.     Defendant has no rights to the Peace Mark.

17.     Hearthside's use of the Peace Mark on its cereal products thus does not constitute trademark infringement.

PAGE 3 -   COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

708480.0139/5193443.1

**Exhibit H
Page 21**

## COUNT II

### (Declaratory Judgment of Non-Infringement of the Golden Temple Mark)

18.    Hearthside repeats and re-alleges each and every allegation contained in paragraphs 1-13, as though fully set forth herein.

19.    Hearthside is the legal and rightful owner of the Golden Temple Mark for use on various products, including granola products.  As such, Hearthside is entitled to use the Golden Temple Mark as a trademark on its products.

20.    Defendant has no rights to the Golden Temple Mark.

21.    Hearthside's use of the Golden Temple Mark on its products thus does not constitute trademark infringement.

## COUNT III

### (Declaratory Judgment of Non-Infringement of the Yogi Mark)

22.    Hearthside repeats and re-alleges each and every allegation contained in paragraphs 1-13, as though fully set forth herein.

23.    Hearthside lawfully entered into a Trademark License Agreement with Golden Temple of Oregon, LLC on or about May 10, 2010, which is a valid and enforceable contract.

24.    Pursuant to the Trademark License Agreement, Hearthside is an authorized user of the Yogi Mark in connection with its manufacture, distribution, advertisement, promotion and sale of certain cereals and granola snacks.

25.    Defendant has no rights to the Yogi Mark.

26.    Hearthside's use of the Yogi Mark pursuant to its licensed rights does not constitute trademark infringement.

## COUNT IV

### (Declaratory Judgment as to Damages for the Yogi Mark; In the Alternative to Count III)

27.    Hearthside repeats and re-alleges each and every allegation contained in paragraphs 1-13, as though fully set forth herein.

PAGE 4 -    COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

**Exhibit H**
**Page 22**

28.     In the alternative to Count III, and in the event Hearthside is determined to have infringed on Defendant's trademark rights related to the Yogi Mark, Hearthside seeks a declaratory judgment that any damages available to Defendant from Hearthside by virtue of such infringement are limited to royalties that would have been due pursuant to the Nonexclusive Trademark License Agreement between the Harbhajan Singh Khalsa Yogiji and Inderjit Kaur Living Trust and Golden Temple of Oregon, LLC dated both July 26, 2004 and October 1, 2004 (collectively the "2004 Trademark License Agreement").  Upon information and belief, Bibiji Puri is a part-successor in interest to that trust.

29.     Pursuant to the 2004 Trademark License Agreement, the Harbhajan Singh Khalsa Yogiji and Inderjit Kaur Living Trust granted Golden Temple of Oregon, LLC a license to use the Yogi Mark and set forth a graduated royalty rate for the Licensed Products (as defined in that agreement), whereby the licensee would pay the licensor 3.5% of Gross Sales (as defined in that agreement) up to $25 million; 0.50% of Gross Sales between $25 million and $50 million; 0.25% of Gross Sales between $50 million and $100 million; and 0.10% of Gross Sales in excess of $100 million.

**WHEREFORE,** Plaintiff respectfully prays for judgment and relief against the Defendant as follows:

**As to Count I:**

a.      An order pursuant to 28 U.S.C. § 2201 declaring that Hearthside has not infringed any trademark rights of Defendant by reason of Hearthside's use of the Peace Mark;

b.      An order pursuant to 28 U.S.C. § 2201 declaring that Hearthside is the lawful owner of the Peace Mark;

c.      An order pursuant to 28 U.S.C. § 2201 declaring that Defendant has no ownership rights in the Peace Mark;

d.      An injunction pursuant to 15 U.S.C. § 1116 prohibiting Defendant from holding themselves out as having ownership rights to the Peace Mark;

PAGE 5 -   COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

**Exhibit H**
**Page 23**

e.      An award of Hearthside's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(A);

f.      An award of Hearthside's costs; and

g.      Such other and further relief at law or equity as this Court may deem proper, just, and equitable under the circumstances.

**As to Count II:**

a.      An order pursuant to 28 U.S.C. § 2201 declaring that Hearthside has not infringed any trademark rights of Defendant by reason of Hearthside's use of the Golden Temple Mark;

b.      An order pursuant to 28 U.S.C. § 2201 declaring that Hearthside is the lawful owner of the Golden Temple Mark;

c.      An order pursuant to 28 U.S.C. § 2201 declaring that Defendant has no ownership rights in the Golden Temple Mark;

d.      An injunction pursuant to 15 U.S.C. § 1116 prohibiting Defendant from holding herself out as having ownership rights to the Golden Temple Mark;

e.      An award of Hearthside's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(A);

f.      An award of Hearthside's costs; and

g.      Such other and further relief at law or equity as this Court may deem proper, just, and equitable under the circumstances.

**As to Count III:**

a.      An order pursuant to 28 U.S.C. § 2201 declaring that Hearthside's use of the Yogi Mark pursuant to the terms of the Trademark License Agreement does not constitute trademark infringement; and that Hearthside is entitled to continue such use in accordance with the terms of the Trademark License Agreement;

b.      An order pursuant to 28 U.S.C. § 2201 declaring that Defendant has no ownership rights in the Yogi Mark;

PAGE 6 -   COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

708480.0139/5193443.1

**Exhibit H**
**Page 24**

c.    An injunction pursuant to 15 U.S.C. § 1116 prohibiting Defendant from holding themselves out as having ownership rights to the Yogi Mark;

d.    An award of Hearthside's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(A);

e.    An award of Hearthside's costs; and

f.    Such other and further relief at law or equity as this Court may deem proper, just, and equitable under the circumstances.

**As to Count IV (in the alternative to Count III):**

a.    An order pursuant to 28 U.S.C. § 2201 declaring that, if Hearthside is found to have infringed Defendant's trademark rights with respect to the Yogi Mark, Hearthside's liability is measured by the royalty fee schedule set forth in the 2004 Trademark License Agreement;

b.    An award of Hearthside's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(A);

c.    An award of Hearthside's costs of the suit; and

d.    Such other and further relief at law or equity as this Court may deem proper, just, and equitable under the circumstances.

## JURY DEMAND

Hearthside hereby demands a jury trial for all claims and issues so triable.

DATED:  October 13, 2011

LANE POWELL PC

By_____
Kenneth R. Davis II, OSB No. 971132
Parna A. Mehrbani, OSB No. 053235
Telephone: 503.778.2100
Attorneys for Plaintiff Hearthside Food Solutions, LLC

PAGE 7 -   COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

708480.0139/5193443.1

**Exhibit H
Page 25**