Surjit P. Soni (State Bar No. 127419)
M. Danton Richardson (State Bar No. 141709)
Leo E. Lundberg, Jr. (State Bar No. 125951)
THE SONI LAW FIRM
35 North Lake Ave., Suite 720
Pasadena, California  91101
(626) 683-7600 Telephone
(626) 683-1199 Fax

SURJ@SONILAW.COM
DANTON@SONILAW.COM
LEO@SONILAW.COM

Attorneys for Plaintiff,
BIBIJI INDERJIT KAUR PURI

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIBIJI INDERJIT KAUR PURI, an individual, | ) CASE NO.: CV11-08675-JFW (SSx) |
| Plaintiff, | ) **PLAINTIFF'S OPPOSITION TO HEARTHSIDE FOOD SOLUTIONS, LLC'S MOTION TO DISMISS, STAY OR TRANSFER** |
| vs. | ) **Date:** December 19, 2011<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 16 |
| HEARTHSIDE FOOD SOLUTIONS, LLC, a Delaware Limited Liability Corporation;<br>DOES 1 through 10, | ) **Hon. John F. Walter** |
| Defendants. | ) |

Plaintiff, BIBIJI INDERJIT KAUR PURI ("Plaintiff" or "Bibiji"), hereby submits her Opposition to Defendant HEARTHSIDE FOOD SOLUTIONS, LLC's ("Hearthside") Motion to Dismiss, Stay or Transfer (the "Motion") as follows:

1

TABLE OF CONTENTS

2

3   **I.    INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

4

5   **II.   APPLICABLE LEGAL STANDARDS** . . . . . . . . . . . . . . . . . . . . . . . .   3

6          **A.    Standard on Motion to Dismiss Under First-to-file Rule** . . . .   3

7          **B.    Standard on Motion to Transfer** . . . . . . . . . . . . . . . . . . . . . . . .   4

8

9   **III.  ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

10         **A.    This Court Has Priority under the First-to-file Rule Because**

11                **this Court Was the First to Acquire Jurisdiction over the**

12                **Parties** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

13         **B.    The Oregon Action Should Not Be Given Priority Because**

14                **Hearthside's Suit Was Anticipatory of Plaintiff's California**

15                **Action and Constituted Forum Shopping** . . . . . . . . . . . . . . . .   6

16

17  **IV.   CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

18

19

20

21

22

23

24

25

26

27

28

TABLE OF AUTHORITIES

*Coker v. Bank of Am.,*
    984 F. Supp. 757, 766 (S.D. N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . .  13

*DeFeo v. Procter & Gamble Co.,*
    831 F.Supp. 776, 778 (N.D. Cal. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*KVH Industries, Inc. v. Moore,*
    789 F. Supp. 69, 73 (D.R.I. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Polaroid Corp. v. Feely,*
    889 F. Supp. 21, 27 (D. Mass. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Alltrade, Inc. v. Uniweld Prods., Inc.,*
    946 F.2d 622, 628 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Bancroft & Masters, Inc. v. Augusta National, Inc.,*
    45 F. Supp. 2d 777, 782 (N.D. Cal. 1998) . . . . . . . . . . . . . . . . . . . . . . . .  9

*BIB Mfg. Co. v. Dover Mfg. Co.,*
    804 F. Supp. 1129, 1133 (E.D. Mo. 1992) . . . . . . . . . . . . . . . . . . . . . . . .  9

*Capitol Records, Inc. v. Optical Recording Corp.,*
    810 F. Supp. 1350, 1353-54 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . .  6

*Chicago Ins. Co. v. Holzer,*
    No. 00 Civ. 1062(SAS)., 2000 WL 777907, at *2 (S.D.N.Y. June 16, 2000)
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Creative Technology, Ltd. v. Aztech System Pte, Ltd.,*
    61 F.3d 696, 703 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*CytoSport, Inc. v. Cytogenix Sports Laboratories, SRL,*
    CIV. 2:10-700-WBS, 2010 WL 5418883 (E.D. Cal. Dec. 23, 2010) . . . . . .  5

*Decker Coal Co. v. Commonwealth Edison Co.,*
    805 F.2d 834, 843 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Douglas Furniture Co. of Cal., Inc. v. Wood Dimensions, Inc.,*
    963 F. Supp. 899, 903 (C.D. Cal. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Electronic Realty Associates, L.P. v. Paramount Pictures Corp.,*
    935 F. Supp. 1172, 1176 (D. Kan. 1996) . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Ex Parte Peru,*
    318 U.S. 578, 587 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Gribin v. Hammer Galleries,*
    793 F.Supp. 233, 234-35 (C.D. Cal. 1992) . . . . . . . . . . . . . . . . . . . . . . . .  8

*Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.,*
    179 F.R.D. 264, 271 (C.D. Cal. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Hospah Coal Co. v. Cahco Energy Co.,*
    673 F.2d 1161, 1163 (10th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Inherent.com v. Martindale-Hubbell,*
    420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . 9

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,*
    342 U.S. 180, 185, 72 S.Ct. 219, 96 L.Ed. 200 (1952) . . . . . . . . . . . . . . . . . 8

*Lou v. Belzberg,*
    834 F.2d 730, 739 (9th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Lou v. Belzberg,*
    834 F.2d 730, 739 (9th Cir.1987) cert. denied, 485 U.S. 993, 108 S.Ct. 1302,
    99 L.Ed.2d 512 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Med-Tec, Inc. v. Kostich,*
    980 F. Supp. 1315, 1331 (N.D. Iowa 1997) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Merrill Lynch, Pierce, Fenner & Smith v. Haydu,*
    675 F.2d 1169, 1174 (11th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Napier v. Hawthorn Books, Inc.,*
    449 F. Supp. 576, 579 (E.D. Mich. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Orthmann v. Apple River Campground, Inc.,*
    765 F.2d 119, 121 (8th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 19

*Orthmann v. Apple River Campground, Inc.,*
    765 F.2d 119, 121 (8th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Pacesetter Sys., Inc. v. Medtronic, Inc.,*
    678 F.2d 93, 94-95 (9th Cir.1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Payne v. Kennedy Johnson Gallagher LLC,*
    CV-10-297-PHX-DGC, 2010 WL 2079928 (D. Ariz. May 24, 2010 . . . . . . . 8

*Schwarmer, Tashima, and Wagstaffe,*
    Federal Civil Procedure Before Trial (The Rutter Group), § 4:264. . . . . . . . . 4

*Starline Optical Corp. v. Caldwell,*
    598 F. Supp. 1023, 1027 (D. N.J. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Tempco Elec. Heater Corp. v. Omega Eng'g,*
    819 F.2d 746, 749 (7th Cir.1987 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*U.S. v. Costello,*
    809 F. Supp. 56, 58 (E.D. Wis. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ward v. Follett Corp.,*
    158 F.R.D. 645, 648 (N.D. Cal. 1994)) . . . . . . . . . . . . . . . . . . . . . . . . . 7

**PLAINTIFF'S OPPOSITION TO HEARTHSIDE
FOOD SOLUTIONS, LLC'S MOTION TO
DISMISS, STAY OR TRANSFER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Wright v. RBC Capital Mkts. Corp.*,
  No. Civ. S-09-3601 FCD GGH, 2010 WL 2599010, at *5 (E.D. Cal. June 24,
  2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Xoxide, Inc. v. Ford Motor Co.*,
  448 F. Supp. 2d 1188, 1192-93 (C.D. Cal. 2006)  . . . . . . . . . . . . . . . . . . . . . . . 7

*Z-Line Designs, Inc. v. Bell'O Int'l LLC*,
  218 F.R.D. 663, 667 (N.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Miscellaneous

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Civil Procedure Before Trial (The Rutter Group), § 4:264 . . . . . . . . . . . . . 4

Fed. R. Civ. P. 12(b)(2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. 12(h)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

FEDERAL PRACTICE & PROCEDURE: Jurisdiction 2d § 3853) . . . . . . . . . . . . . . . . . 13

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION**

Defendant asks this Court to dismiss, transfer or stay the Complaint filed by Plaintiff on the grounds that Hearthside filed its own declaratory relief action in Oregon, six days before Plaintiff's Complaint was filed and that venue is proper in Oregon.  Hearthside seeks to invoke the "first-to-file" rule -- a rule of comity between courts that have concurrent jurisdiction over the same dispute.

Hearthside admits that Plaintiff first approached it in early September 2011 claiming ownership of the trademarks at issue.  Gaspar Declaration, ¶ 5.  After approximately six (6) weeks of negotiations Hearthside unilaterally decided Plaintiff's demands were unreasonable and it would not be able to resolve the dispute through further negotiations.  Gaspar Declaration, ¶ 7.  Without any word to Plaintiff that it had determined no settlement could be reached, or any other warning, Hearthside rushed to court and filed a declaratory relief action in Oregon on October 13, 2011.  Gaspar Declaration, ¶ 8.

Hearthside's declaratory relief Complaint was never served before this motion was brought.  Meanwhile, Plaintiff prepared the instant Complaint, which was filed on October 19, 2011, and it was put out for service the same date.  Hearthside's agent for service of process was personally served on October 19, 2011.  Declaration of Surjit P. Soni ("Soni Decl."), Exhibit "A."

This case should not be stayed or transferred to Oregon, and Hearthside's motion should be denied for the following reasons:

- It is not the court where suit is ***filed*** first, but the court first to obtain personal jurisdiction over the parties which determines which action should be given precedent and this Court was first to obtain personal jurisdiction;

- The first-to-file rule is not applied in intellectual property actions like

this case;

• The first-to-file rule is not applied when, as here, the first suit was filed in anticipation of the second filed suit;

• The first-to-file rule is not applied when, as here, the first suit was filed to obtain a more favorable forum;

• Hearthside has a substantial presence in the Central District of California and does business here and Hearthside would not be burdened by attending trial in the Central District of California. By contrast, Plaintiff is an individual who is in poor health and will be greatly inconvenienced by having to litigate in Oregon.

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard on Motion to Dismiss under First-to-file Rule

In terms of the first-to-file rule, the first court to acquire jurisdiction over the parties has priority to consider the case. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985); *Hospah Coal Co. v. Cahco Energy Co.,* 673 F.2d 1161, 1163 (10th Cir. 1985). A court acquires jurisdiction over a party by service of process. *Ex Parte Peru*, 318 U.S. 578, 587 (1943); *Napier v. Hawthorn Books, Inc.*, 449 F. Supp. 576, 579 (E.D. Mich. 1978).

Where intellectual property rights are in issue, the first-to-file rule is not applied where an alleged infringer files a declaratory relief action in its preferred forum in anticipation of a lawsuit by the intellectual property owner. *Douglas Furniture Co. of Cal., Inc. v. Wood Dimensions, Inc.,* 963 F. Supp. 899, 903 (C.D. Cal. 1997) ("It would be unreasonable to require an intellectual property owner to risk having to submit to the jurisdiction of an alleged infringer in order to exercise his rights.")

## B.      Standard on Motion to Transfer

Title 28, Section 1404(a) of the United States Code states:

> For the convenience of parties and witnesses, in the interest
> of justice, a district court may transfer any civil action to
> any other district or division where it might have been
> brought.

28 U.S.C. § 1404(a) (emphasis added).

Pursuant to 28 U.S.C. § 1404(a), when venue is proper in the court where an action is pending, a party may move for a change of venue based on convenience. The analysis for convenience transfers is two-fold. First, the moving party must establish that the matter could have been brought in the proposed transferee district. *Schwarmer, Tashima, and Wagstaffe,* Federal Civil Procedure Before Trial (The Rutter Group), § 4:264. Thus, the moving party must demonstrate that the proposed transferee court would have subject matter jurisdiction, personal jurisdiction, and proper venue over the action. *Id.*

Second, in determining whether to transfer under § 1404(a), the court should consider the following statutory factors: (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice, as well as the private and public interest factors derived from the doctrine of *forum non conveniens*. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (*forum non conveniens* considerations helpful in deciding § 1404(a) transfer motion). The private interest factors include: (1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial of the case expeditious and inexpensive. *Creative Technology, Ltd. v. Aztech System Pte, Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995).

## III.   ARGUMENT

### A.   This Court Has Priority under the First-to-file Rule Because this Court Was the First to Acquire Jurisdiction over the Parties

In terms of the first-to-file rule, the first court to acquire jurisdiction over the parties has priority to consider the case. *Orthmann v. Apple River Campground, Inc.,* 765 F.2d 119, 121 (8th Cir. 1985); *Hospah Coal Co. v. Cahco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1985) (it is a "general rule that when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case"). A court acquires jurisdiction over a party by service of process. *Ex Parte Peru,* 318 U.S. 578, 587 (1943); *Napier v. Hawthorn Books, Inc.,* 449 F. Supp. 576, 579 (E.D. Mich. 1978). The Court that first acquires personal jurisdiction over the parties should be the one to decide the merits of the case. *Wright v. RBC Capital Mkts. Corp.,* No. Civ. S-09-3601 FCD GGH, 2010 WL 2599010, at *5 (E.D. Cal. June 24, 2010) ("Where duplicative actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction generally should proceed with the litigation."); *CytoSport, Inc. v. Cytogenix Sports Laboratories, SRL*, CIV. 2:10-700-WBS, 2010 WL 5418883 (E.D. Cal. Dec. 23, 2010) (same)

In this case, the Central District of California was the first court to acquire jurisdiction over the parties. Plaintiff served her Complaint on Hearthside's agent for service of process on October 19, 2011, thereby acquiring jurisdiction over that Hearthside. Soni Decl., Exhibit "A." As of the date of filing this opposition, Hearthside has not yet served its Complaint on Bibiji. Soni Decl., ¶ 5.

Hearthside does not assert that this Court lacks jurisdiction over it pursuant to Fed. R. Civ. P. 12(b)(2) and, as such, this defense is waived. Fed. R. Civ. P. 12(h)(1). Moreover, it is beyond dispute that the Central District of California was the first Court to acquire personal jurisdiction over the parties and over the controversy and, as such, it should be the Court to decide this case. *U.S. v. Costello,* 809 F. Supp. 56,

1   58 (E.D. Wis. 1992); *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d
2   1169, 1174 (11th Cir. 1982).

3

4   **B.   The Oregon Action Should Not Be Given Priority Because**
    **Hearthside's Suit Was Anticipatory of Plaintiff's California Action**
5   **and Constituted Forum Shopping**

6   Hearthside admits that Plaintiff first approached it in early September 2011

7   claiming ownership of the trademarks at issue.  Gaspar Declaration, ¶ 5.  The parties

8   agreed that neither would file an action while negotiations were ongoing.  Soni

9   Declaration, ¶4.  After approximately six (6) weeks of negotiations Hearthside

10  unilaterally decided Plaintiff's demands were unreasonable and it would not be able

11  to resolve the dispute through further negotiations.  Gaspar Declaration, ¶ 7.  Without

12  any word to Plaintiff that it had determined no settlement could be reached, or any

13  other warning, Hearthside rushed to court and filed a declaratory relief action in

14  Oregon on October 13, 2011.  Gaspar Declaration, ¶ 8; Soni Decl., ¶ 4.

15       The first-to-file rule does not apply where, as here, the first-filed lawsuit was

16  merely anticipatory of the later filed action or where there was forum shopping.

17  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("the

18  circumstances under which an exception to the first-to-file rule typically will be made

19  include . . . anticipatory suit, and forum shopping. . . .") *See also Capitol Records,*

20  *Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1353-54 (S.D.N.Y. 1992) (first-

21  to-file rule should not be applied in intellectual property suits because the intellectual

22  property holder would feel compelled to file suit rather than communicate with an

23  alleged infringer).

24       Anticipatory suits are found when the "plaintiff in the

25       first-filed action filed suit on receipt of specific, concrete

26       indications that a suit by the defendant was imminent," and

27       are viewed with disfavor as examples of forum shopping

28

and gamesmanship. *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.,* 179 F.R.D. 264, 271 (C.D. Cal. 1998) (citing *Ward v. Follett Corp.,* 158 F.R.D. 645, 648 (N.D. Cal. 1994)). "In addition, where ... a declaratory judgment action has been triggered by a cease and desist letter" that both seeks settlement and notifies the party of the possibility of litigation upon collapse of negotiations, "equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first." *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 667 (N.D. Cal. 2003).

*Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1192-93 (C.D. Cal. 2006) (ongoing settlement discussions and dialogue between the parties unambiguously establishes Complaint was anticipatory and a method of forum shopping).

Bibiji was engaged in settlement negotiations with Hearthside, but Hearthside made the unilateral decision that further negotiations would be unproductive and filed suit. In such circumstances a declaratory relief action by the alleged infringer is anticipatory and the Court should disregard the fact that Hearthside raced to the courthouse to file a declaratory relief action.

The Declaratory Judgment Act, 28 U.S.C. § 2201, " 'is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse.' " *Id.* (citation omitted). "[C]ourts may ignore the timing of a suit to avoid rewarding parties attempting to use the declaratory judgment action in a 'race to the courthouse.' " *Chicago Ins. Co. v. Holzer,* No. 00 Civ. 1062(SAS)., 2000 WL 777907, at *2 (S.D.N.Y. June

1   16, 2000) (citation omitted).

2   *Payne v. Kennedy Johnson Gallagher LLC*, CV-10-297-PHX-DGC, 2010 WL

3   2079928 (D. Ariz. May 24, 2010).

4        "Where ... the declaratory judgment action is filed in anticipation of an

5   infringement action, the infringement action should proceed," even when filed later.

6   *Tempco Elec. Heater Corp. v. Omega Eng'g*, 819 F.2d 746, 749 (7th Cir.1987);

7   *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 185, 72 S.Ct. 219,

8   96 L.Ed. 200 (1952) (noting that an alleged infringer cannot use the Declaratory

9   Judgment Act to give it "a paramount right to choose the forum for trying out

10   questions of infringement and validity.").  See also *Gribin v. Hammer Galleries,* 793

11   F.Supp. 233, 234-35 (C.D. Cal. 1992); *DeFeo v. Procter & Gamble Co.*, 831 F.Supp.

12   776, 778 (N.D. Cal. 1993).

13        Hearthside's declaratory relief Complaint was filed because it anticipated a

14   lawsuit by Bibiji and rushed to the courthouse to file its declaratory relief action.

15   Hearthside admits in its brief that "[i]t was only when it became clear to Hearthside

16   that further negotiations with Plaintiff would be futile that Hearthside commenced the

17   Oregon Action . . . ."  Such unilateral decision that further negotiations would be

18   futile weigh heavily in favor of maintaining this case in California.  As stated in

19   *Douglas Furniture Co. of Cal., Inc. v. Wood Dimensions, Inc.*, 963 F. Supp. 899, 903

20   (C.D. Cal. 1997):

21           It would be unreasonable to require an intellectual property

22           owner to risk having to submit to the jurisdiction of an

23           alleged infringer in order to exercise his rights. . . .

24           Moreover, any other holding would discourage parties from

25           attempting to resolve their conflicts without resort to the

26           legal system.  If any attempt by an intellectual property

27           holder to put an alleged wrongdoer on notice forced the

28

1    property holder to submit to the jurisdiction of the alleged

2    wrongdoer's forum, an intellectual property owner would be

3    forced to file an action in his own jurisdiction in order to

4    avoid the threat of being haled before a court in another,

5    possibly distant state.

6    [Citations omitted.]  See also *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93,

7    94-95 (9th Cir.1982); *Inherent.com v. Martindale-Hubbell,* 420 F.Supp.2d 1093,

8    1097 (N.D. Cal. 2006). *Bancroft & Masters, Inc. v. Augusta National, Inc.,* 45 F.

9    Supp. 2d 777, 782 (N.D. Cal. 1998); *KVH Industries, Inc. v. Moore*, 789 F. Supp. 69,

10   73 (D.R.I. 1992); *Med-Tec, Inc. v. Kostich,* 980 F. Supp. 1315, 1331 (N.D. Iowa

11   1997); *Electronic Realty Associates, L.P. v. Paramount Pictures Corp.,* 935 F. Supp.

12   1172, 1176 (D. Kan. 1996); *Polaroid Corp. v. Feely,* 889 F. Supp. 21, 27 (D. Mass.

13   1995); *BIB Mfg. Co. v. Dover Mfg. Co.,* 804 F. Supp. 1129, 1133 (E.D. Mo. 1992);

14   *Starline Optical Corp. v. Caldwell,* 598 F. Supp. 1023, 1027 (D. N.J. 1984).

15        Hearthside, as the accused infringer, should not be allowed to blind-side Bibiji

16   and gain a tactical advantage by having rushed to the courthouse to file an

17   anticipatory declaratory relief action.

18

19   **C.    The Balance of Convenience Dictates That the Central District of
         California is the Proper Forum for the Entire Controversy Between**

20   **Bibiji and Hearthside**

21        In determining whether to transfer under § 1404(a), the court should consider

22   the following statutory factors: (1) convenience of the parties, (2) convenience of the

23   witnesses, and (3) the interests of justice, as well as the private and public interest

24   factors derived from the doctrine of forum non conveniens.  *Decker Coal Co. v.*

25   *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (forum non

26   conveniens considerations helpful in deciding § 1404(a) transfer motion).  The

27   private interest factors include: (1) relative ease of access to sources of proof; (2) the

28

1    availability of compulsory process for attendance of unwilling witnesses, and cost of

2    obtaining attendance of willing witnesses; (3) possibility of viewing subject premises;

3    (4) all other factors that render trial of the case expeditious and inexpensive. *Creative*

4    *Technology, Ltd. v. Aztech System Pte, Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995).

5

6                               **STATUTORY FACTORS**

7                           **Convenience of the Parties**

8           California is a more convenient forum than the District of Oregon for litigating

9    the claims between Bibiji and Hearthside.  Bibiji is an individual who resides in Los

10   Angeles, California.  Soni Decl., ¶ 6.  Hearthside is a limited liability company

11   organized under the laws of Delaware, which has its principal place of business in

12   Illinois.  See Hearthside's Request For Judicial Notice, Exhibit H (Complaint at ¶ 1).

13   Furthermore, Hearthside admits it has a sales representative in California and does

14   business here.  See Declaration of James J. Gaspar, ¶ 14.  Notably, Hearthside has not

15   contested jurisdiction in the Central District of California.  The fact that Hearthside

16   has a physical presence in California and has not contested jurisdiction here

17   demonstrates that this factor favors the Central District of California.  Furthermore,

18   Bibiji is an individual with limited resources.  Hearthside has superior resources and

19   would not be inconvenienced by litigating in California where it is doing business.

20

21                           **Convenience of the Witnesses**

22          Hearthside lists several purported witness located in Oregon and asserts the

23   case should be transferred to Oregon for the convenience of those witnesses. All of

24   the listed Oregon witnesses are affiliated to Golden Temple of Oregon, LLC, and

25   their anticipated testimony concern's GTO's acquisition of rights to use the YOGI

26   trademarks, ownership and registration of the PEACE trademarks and GTO's sale of

27   the PEACE trademarks to Hearthside.  None of the anticipated testimony is necessary

28

**PLAINTIFF'S OPPOSITION TO HEARTHSIDE
FOOD SOLUTIONS, LLC'S MOTION TO
DISMISS, STAY OR TRANSFER**

to a resolution of the issues between Bibiji and Hearthside.  As the person claiming Hearthside is infringing the intellectual property at issue, Bibiji has the burden of proving ownership, and she will testify concerning the ownership and licensing of the intellectual property at issue in this case.  Bibiji will also rely upon experts from the Los Angeles area to prove her damages.  The testimony of the  GTO related witnesses would not be necessary regarding the licensing and/or sale of the PEACE and YOGI trademarks at issue and would be redundant and cumulative of testimony by Hearthside's CEO and/or General Manager.

Other than GTO employees, Hearthside's only identified witnesses are Richard Scalise, its CEO who is located in Illinois, and Jim Gaspar, its Vice President and General Manager who is located in Arizona. See Gaspar Declaration ¶ 18.  It is as easy, and likely easier, for these witnesses to appear for trial in Los Angeles than in Oregon.  While Hearthside may be called on to appear in California for depositions and/or trial, the amount of evidence and witnesses they will produce is not likely to be substantially greater than Bibiji.  Thus, it would be more burdensome for Bibiji to produce her witnesses and documents in Oregon than it would be for Hearthside to appear here.

The purported testimony of the Oregon witnesses identified by Hearthside is irrelevant to any issue of ownership of the trademarks which has been judicially established and requires no testimony from GTO, or Hearthside's infringing activities, which are impossible to contest since the very marks are used on the same goods.  Moreover, most of the listed witnesses are entirely redundant and would be merely cumulative.  It is obvious that Hearthside is engaging in gamesmanship attempting to show a greater number of witnesses who reside in Oregon to attempt to tip the "convenience" scales in its favor.  The Court should not condone such gamesmanship.  Given the true number of witnesses necessary to try this matter, and the fact that none of the truly necessary witnesses are located in Oregon, tips this

1  factor in favor of a venue in the Central District of California.

2

3                          **Interests of Justice**

4          As discussed above, Bibiji will rely on California resident witnesses and her

5  documentary evidence is located in California.  Hearthside has control over all of the

6  witnesses it may need and the documents it will use and does not require the

7  subpoena power of the court to obtain supporting evidence.  Hearthside can testify to

8  its license and/or purported purchase of the PEACE and YOGI trademarks at issue.

9  There is no need for testimony from any GTO affiliated witness.  Moreover,

10  Hearthside has vastly superior resources than Bibiji.  Therefore, this factor weighs in

11  favor of litigating this action in California.

12

13                     **PRIVATE INTEREST FACTORS**

14           **Relative Ease of Access to Sources of Proof**

15          As previously noted, Hearthside's list of purported witnesses is nothing but

16  smoke and mirrors.  None of the GTO affiliated witnesses have anything relevant to

17  say and the "anticipated testimony" of these witnesses is cumulative and redundant. It

18  is a mere attempt to give the illusion that several witnesses will be inconvenienced

19  when, in fact, those purported witnesses are not necessary to a resolution of this

20  action.  Once the redundant and superfluous witnesses are disregarded, Hearthside

21  has only one necessary witness – Richard Scalise who is located in Illinois (Jim

22  Gaspar's anticipated testimony is wholly redundant to that of Richard Scalise).  Even

23  assuming Jim Gaspar's testimony were required (which it does not appear to be), he

24  shows his location as Oregon/Arizona.[1]  Arizona is closer to this District than to the

25  District of Oregon.  Since Mr. Gaspar appears to spend a substantial period of time

26  ─────────────────────

27        [1]This appears to be even more gamesmanship, because Mr. Gaspar does not
    state what percentage of time he spends in Oregon as opposed to being located in

28  Arizona.

1   away from Oregon, he will not be inconvenienced by having to attend trial in Los

2   Angeles for a day or two of testimony.

3         Hearthside's documents relevant to this action would be located at its

4   headquarters in Illinois.  See Gaspar Declaration ¶ 15.  Hearthside's assertion that its

5   documents are "primarily" in Oregon and "secondarily" in Illinois is simply more

6   gamesmanship.  Furthermore, in today's era of technology documents may easily be

7   digitized and sent to Los Angeles, since not many documents are involved. See *Coker*

8   *v. Bank of Am.,* 984 F. Supp. 757, 766 (S.D. N.Y. 1997) (citing15 Charles A. Wright,

9   Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE & PROCEDURE:

10  Jurisdiction 2d § 3853).

11

12  **Availability/Cost of Compulsory Process for**

13  **Attendance of Unwilling Witnesses**

14        This factor does not appear to be a relevant issue.  As discussed above, the only

15  really necessary witness for Hearthside is its CEO, who would be a willing witness.

16  Even assuming Mr. Gaspar would be a witness, he also would be a willing witness.

17  This factor is neutral.

18        As a practical matter, trial will be less expensive in California, because the

19  essential witnesses and are located in California and Illinois, and possibly Arizona.

20  Thus, the cost of producing witnesses and evidence at trial will be reduced if trial is

21  held in California rather than Oregon.  Moreover, Hearthside has a physical presence

22  here.

23

24  **The Agreements**

25        The agreements relevant to this action concern licenses of federally registered

26  trademarks which are used in interstate commerce for goods sold throughout the

27  United States.  Therefore, the fact that GTO was a party to those agreements and GTO

28

1  is located in Oregon has no bearing on any issue in this case, which is about who

2  owns the federal trademarks at issue.  This is not a case about a contract for the

3  purchase or sale of land, nor is it about a contract to be performed entirely within the

4  State of Oregon.  Therefore, where the license and/or purchase agreements were

5  negotiated or executed are irrelevant and lends no weight to the determination of the

6  proper venue for this action.

7

8                              **Plaintiff's Choice of Forum**

9          Generally, the court affords plaintiff's choice of forum great weight. *Lou v.*

10  *Belzberg,* 834 F.2d 730, 739 (9th Cir.1987) cert. denied, 485 U.S. 993, 108 S.Ct.

11  1302, 99 L.Ed.2d 512 (1988).  "If the operative facts have not occurred within the

12  forum ***and*** the forum has no interest in the parties or subject matter," plaintiff's choice

13  "is entitled only minimal consideration." *Id*. (Emphasis added.)  The limitations

14  required for minimal consideration do not exist here, because the forum has a

15  significant interest in the Plaintiff and the subject matter since Bibiji owns the

16  trademarks which Hearthside is infringing.  Bibiji's damages were suffered within

17  this District and this venue.  Therefore, California has a significant interest in this

18  action.

19

20              **Parties' Contacts with the Forum and Contacts Relating to**

21                   **Plaintiff's Cause of Action in the Chosen Forum**

22          Hearthside disingenuously asserts that Bibiji's residence is the only connection

23  between the parties and this forum relevant to this lawsuit.  That is false.  Hearthside

24  admits it has a sales representative in California.  It markets and sells a significant

25  amount of its infringing product within this District and has caused Plaintiff

26  substantially injury, in both money and in the goodwill associated with the

27  trademarks at issue, within this District.

28

1   The disingenuousness and questionable reliability of Mr. Gaspar's declaration
2   are exhibited by his statement that "[t]he only connection between California and the
3   claims and facts at issue in the Oregon Action and the instant action of which I am
4   aware is the fact that Plaintiff apparently resides in California."  Gaspar Declaration,
5   ¶ 17.  As General Manager of Hearthside, Mr. Gaspar is aware of Hearthside's
6   California sales representative (Gaspar Declaration, ¶ 14) and must certainly know of
7   Hearthside's significant volume of sales in California and in this District.

8

9                                   **Other Factors**

10      Hearthside asserts California has "virutally no interest in this dispute, it would
11  be unfair to burden its citizens with the adjudication of this dispute."  Motion at p. 14.
12  That is false, as discussed above.  California in general, and this District in particular,
13  is a major market for Hearthside's goods which infringe upon the trademark owned
14  by Plaintiff, a resident of this District.  While Oregon may have an interest in this
15  dispute, California also has a significant interest in protecting Plaintiff who owns the
16  trademarks at issue and the citizens who consume the product manufactured by
17  Hearthside which infringes Plaintiff's marks.

18      In summary, the relevant factors weigh in favor of venue in the Central District
19  of California rather than in the District of Oregon.

20

21

22

23

24

25  **IV.   CONCLUSION**

26      For the foregoing reasons, Hearthside's Motion to Dismiss, Stay or Transfer
27  should be denied in its entirety.

28

1

2  Dated: November 28, 2011          Respectfully submitted,

3                                   THE SONI LAW FIRM

4

5                               By: /s/ Surjit P. Soni
                                     Surjit P. Soni

6                                     M. Danton Richardson
                                     Leo E. Lundberg, Jr.

7                                     Attorneys for Plaintiff,
                                     BIBIJI INDERJIT KAUR PURI

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                              **PROOF OF SERVICE**

26  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

27        I am employed in the County of Los Angeles, State of California.  I am over the
age of 18, and not a party to the within action; my business address is 35 North Lake

28

1  Avenue, Suite 720, Pasadena, California 91101.

2      On November 28, 2011, I served the foregoing document described as
**PLAINTIFF'S OPPOSITION TO HEARTHSIDE FOOD SOLUTIONS, LLC'S**
3  **MOTION TO DISMISS, STAY OR TRANSFER** on the interested parties as
follows:
4
                              Rhonda R. Trotter
5                              Amanda Myers
                              Kaye Scholler LLP
6                    1999 Avenue of the Stars, Suite 1700
                            Los Angeles, CA 90067
7

8  [X]   (MAIL) I am "readily familiar" with the firm's practice of collection and
        processing correspondence for mailing.  Under that practice, it would be
9        deposited with the U.S. postal service on that same day, with postage thereon
        fully prepaid at Pasadena, California, in the ordinary course of business.  I am
10       aware that on motion of the party served, service is presumed invalid if postal
        cancellation date or postage meter date is more than one day after date of
11       deposit for mailing in affidavit.

12 [ ]   (PERSONAL SERVICE) I caused the above referenced document to be
        personally served by hand on the addressees listed above.
13
   [X]   (VIA ELECTRONIC MAIL) I caused such document to be delivered to
14        addressees listed above via email delivery.

15
        I declare under penalty of perjury that the foregoing is true and correct.
16
        Executed on November 28, 2011, Pasadena, California.
17

18                                      /s/Gayane Mkrttchian
                                        Gayane Mkrttchian
19

20

21

22

23

24

25

26

27

28