Rhonda R. Trotter (State Bar No. 169241)
Email address: rtrotter@kayescholer.com
Amanda Myers (State Bar No. 267591)
Email address: amanda.myers@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Attorneys for Defendant
Hearthside Food Solutions, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

BIBIJI INDERJIT KAUR PURI,

Plaintiff,

v.

HEARTHSIDE FOOD SOLUTIONS, LLC,

Defendant.

Case No. CV 11-08675-JFW (SSx)

**HEARTHSIDE FOOD SOLUTIONS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Date: December 19, 2011
Time: 1:30 p.m.
Place: Courtroom 16

Hon. John F. Walter

KAYE SCHOLER LLP

# TABLE OF CONTENTS

A. Puri's Lanham Act Allegations Fail to State a Claim .......... 1

1. Puri Lacks Standing to Allege Infringement .......... 1
2. The Complaint Fails to State Claims Against the PEACE® Mark .......... 2
3. Puri Fails to Allege Rights to Common Law Trademarks .......... 4
4. Puri Fails to State a Claim for Trade Dress Infringement .......... 4
5. The Complaint Fails to Allege the Interstate Commerce Element .......... 5
6. Puri Has Failed to Plead Competitive Injury for False Advertising .......... 6

B. The Common Law Unfair Competition Claim Fails (Count III) .......... 6

C. The Unfair Trade Practices Claim Fails (Count IV) .......... 7

1. Puri Fails to State a Claim for "Unfair" Business Practices .......... 7
2. Puri Fails to State a Claim for "Fraudulent" Business Practices .......... 8
3. Puri Fails to Allege Facts to Allow Her to Represent Consumers .......... 8
4. Puri is Not Entitled to the Relief Requested Under the UCL .......... 9

D. Puri Fails to State a Claim for a Constructive Trust (Count V) .......... 10

E. Puri Fails to State a Claim Under Counts VI and VII .......... 11

F. Puri Fails to State a Claim for Cancellation of a Mark (Count VIII) .......... 12

CONCLUSION .......... 12

KAYE SCHOLER LLP

KAYE SCHOLER LLP

# TABLE OF AUTHORITIES

**Cases**

*Arcadia Group v. Studio Moderna*, 2011 WL 3584469 (N.D. Ill. Aug. 15, 2011) .......... 11

*Bank of West v. Sup. Ct.*, 2 Cal. 4th 1254 (1992) .......... 6

*Basel Action v. Int'l Ass'n*, 793 F. Supp. 2d 1200 (W.D. Wash. June 7, 2011) .......... 12

*Basevi, Inc. v. Acorn Co.*, 2009 WL 764532 (C.D. Cal. Mar. 19, 2009) .......... 4, 5

*Bioresource, Inc. v. US Pharmaco*, 2010 WL 2763681 (N.D. Cal. July 13, 2010) .......... 9

*Brown v. Bank of Am.*, 2011 WL 1253844 (E.D. Cal. Mar. 31, 2011) .......... 11

*Christian Sci. v. Robinson*, 2000 WL 33422737 (W.D.N.C. Mar. 29, 2000) .......... 3

*Church & Dwight v. Mayer Labs.*, 2011 WL 1225912 (N.D. Cal. Apr. 1, 2011) .......... 7

*Coburn v. Bank of NY*, 2011 WL 1103470 (E.D. Cal. Mar. 22, 2011) .......... 11

*Dakota Indus. v. Ever Best Ltd.*, 28 F.3d 910 (8th Cir. 1994) .......... 2

*Fed. Treasury Enter. v. Spirits Int'l*, 2011 WL 4005321 (S.D.N.Y. Sept. 1, 2011) .......... 1

*Flores v. Emerich & Fike*, 2008 WL 2489900 (E.D. Cal. June 18, 2008) .......... 10

*Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774 (Fed. Cir. 1996), *am. on other grounds*, 104 F.3d 1296 .......... 2

*H&J Foods, Inc. v. Reeder*, 477 F.2d 1053 (9th Cir. 1973) .......... 2

*Henderson v. Gruma Corp.*, 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) .......... 8

*In re Tobacco II Cases*, 46 Cal.4th 298 (2009) .......... 8, 9

*Innospan Corp. v. Intuit, Inc.*, 2010 WL 5017014 (N.D. Cal. Dec. 3, 2010) .......... 4

*K&N Eng'g v. Spectre Performance*, 2011 WL 4387094 (C.D. Cal. Sept. 20, 2011) .......... 6

*Keep a Breast v. Seven Group*, 2011 WL 3240756 (S.D. Cal. July 28, 2011) .......... 4, 5

*Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310 (2011) .......... 8, 9

*Lee Myles v. Paul Rubke*, 557 F. Supp. 2d 1134 (S.D. Cal. 2008) ........ 9

*Lurzer GmbH v. Am. Showcase*, 73 F. Supp. 2d 327 (S.D.N.Y. 1998) ........ 3

*Madrid v. Perot Sys.*, 130 Cal. App. 4th 440 (Cal. Ct. App. 2005) ........ 9

*Miles Labs.v. Frolich*, 195 F. Supp. 256 (C.D. Cal. 1961) ........ 5, 6

*Nike, Inc. v. Already, LLC*, 2011 WL 5429154 (2d Cir. Nov. 10, 2011) ........ 12

*Nwabueze v. AT&T*, 2011 WL 332473 (N.D. Cal. Jan. 29, 2011) ........ 8

*Persis Int'l v. Burgett, Inc.*, 2011 WL 4496031 (N.D. Ill. Sept. 26, 2011) ........ 2

*Planet Coffee v. Dam*, 2009 WL 2486457 (C.D. Cal. Aug. 12, 2009) ........ 7

*Sleep Sci. v. Lieberman*, 2010 WL 1881770 (N.D. Cal. May 10, 2010) ........ 6

*Sonoma Foods, Inc. v. Sonoma Cheese*, 634 F. Supp. 2d 1009 (N.D. Cal. 2007) ........ 8

*Southland Sod v. Stover Seed*, 108 F.3d 1134 (9th Cir. 1997) ........ 5

*Tomlinson v. Indymac Bank*, 359 F. Supp. 2d 891 (C.D. Cal. 2005) ........ 9

*Vaccarino v. Midland Nat'l*, 2011 WL 5593883 (C.D. Cal. Nov. 14, 2011) ........ 3

*Watec Co. v. Liu*, 2002 WL 34373489 (C.D. Cal. May 21, 2002) ........ 2

*Woods v. Google Inc.*, 2011 WL 3501403 (N.D. Cal. Aug. 10, 2011) ........ 8

*Zero Motorcycles v. Pirelli Tyre*, 2011 WL 2844397 (N.D. Cal. July 18, 2011) ........ 7

**Statutes**

15 U.S.C. § 1072 ........ 3

15 U.S.C. § 1114 ........ 1

15 U.S.C. § 1115(b) ........ 2

15 U.S.C. § 1115(b)(1) ........ 3

15 U.S.C. § 1115(b)(3) ........ 3

15 U.S.C. § 1115(b)(9) ........ 3

15 U.S.C. § 1119 ........ 12

15 U.S.C. § 1125(a)(1)(A) ........ 6

15 U.S.C. § 1125(a)(1)(B) ........ 6

15 U.S.C. § 1127 ........ 1

Cal. Civ. Code § 2223 .......... 10
Cal. Civ. Code § 2224 .......... 10
Federal Rule of Civil Procedure 9(b) .......... 7

**Other Authorities**

McCarthy on Trademarks 32:149 (2011) .......... 3

KAYE SCHOLER LLP

iv
60500072.DOCX HEARTHSIDE'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

For the reasons stated in Hearthside's initial brief and below, the Complaint should be dismissed.

**A. Puri's Lanham Act Allegations Fail to State a Claim.**

**1. Puri Lacks Standing to Allege Infringement.**

The registrant of the YOGI® marks is non-party Golden Temple of Oregon (GTO), and the registrant of the PEACE® marks is Hearthside. 15 U.S.C. § 1114 grants standing to assert infringement solely to the "registrant" of the mark. The term includes "legal representatives, predecessors, successors and assigns of such . . . registrant." 15 U.S.C. § 1127. Puri argues that she qualifies as a "predecessor," an "assign" and a "successor," and thus has standing, but each argument fails.

First, with no authority, Puri claims equitable "predecessor" status because her husband allegedly had prior common law rights to the marks registered by GTO (GTO sold its cereal business, and transferred registration of the PEACE® marks to Hearthside). (Opp. at 4.) Puri does not allege that she was the legal predecessor of GTO or Hearthside, nor that she was a prior registrant—the initial registrant was GTO. *Fed. Treasury Enter. v. Spirits Int'l*, 2011 WL 4005321, at *4 (S.D.N.Y. Sept. 1, 2011) (plaintiff's claim to be rightful owner did not make it "registrant" under Lanham Act; plaintiff lacked standing). Indeed, Puri does not even assert that Hearthside infringed the marks during the time she claims to be a "predecessor," i.e., prior to GTO's registration of the marks (*see* Req. for Judicial Not., Exhs. D-G). GTO registered the marks *before* Hearthside began its alleged infringement, (Compl. ¶ 24). Thus, even if Puri could somehow be considered an "equitable predecessor" to GTO, she lacks standing to assert infringement for the period GTO (her "successor") was the registrant.

Puri next argues that she is an "assignee" because an "Arbitration Award orders GTO to assign the registrations to [Puri]," and that for the same reason she will be a "successor." (Opp. at 4.) The arbitration dealt only with the YOGI® marks, so Puri's "assignee" and "successor" argument does not apply to the PEACE® marks (Compl. ¶

KAYE SCHOLER LLP

25). But Puri has *not* been assigned any of the YOGI® marks to date, and is unlikely to in the near future; GTO has filed an action in the District of Oregon partially to vacate the arbitration award. (See Second Request for Judicial Notice, Exh. A). The Lanham Act gives standing to "assigns" and "successors," not "those anticipating they will be assigns or successors in the future." It is a fundamental principle of federal jurisdiction that a plaintiff must have standing when the complaint is filed. *See Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996), *opinion amended on other grounds*, 104 F.3d 1296 ("Permitting non-owners . . . the right to sue, so long as they eventually obtain the rights they seek to have redressed, would enmesh the judiciary in abstract disputes, risk multiple litigation, and provide incentives for parties to obtain assignments in order to expand their arsenal and the scope of litigation.")

Puri's claim to be an "assign" to the YOGI® marks also ignores that an assignee generally does not have standing to sue for any infringement *prior* to the assignment, so even if she is eventually assigned the marks, she lacks standing as to the Complaint's allegations of infringement against Hearthside. *Persis Int'l v. Burgett, Inc.*, 2011 WL 4496031, at *2 (N.D. Ill. Sept. 26, 2011), citing *H&J Foods, Inc. v. Reeder*, 477 F.2d 1053, 1056 (9th Cir. 1973).

**2. The Complaint Fails to State Claims Against the PEACE® Mark.**

The PEACE® mark has incontestable status, making its registration "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b). To state a claim against the PEACE® mark, a plaintiff must plead one of the limited bases available to defeat such marks. 15 U.S.C. § 1115(b). Puri did not do so, and thus fails to state a claim. *Watec Co. v. Liu*, 2002 WL 34373489, at *3 (C.D. Cal. May 21, 2002) (plaintiff waived challenge to incontestable mark where basis for challenging incontestability not pled); *Dakota Indus. v. Ever Best Ltd.*, 28 F.3d 910, 912-13 (8th Cir. 1994) (same). In

KAYE SCHOLER LLP

addition, the Complaint lacks allegations to support the new bases for pleading around the PEACE® mark's incontestability.

First, Puri's brief makes the conclusory assertion that "the registration was obtained through fraud." 15 U.S.C. § 1115(b)(1); (Opp. at 5-6). But none of the Complaint allegations support an inference of fraud (what fraudulent statement(s) were made to the PTO, how they were fraudulent, etc.). *Vaccarino v. Midland Nat'l*, 2011 WL 5593883, at *3 (C.D. Cal. Nov. 14, 2011). "[C]onclusory allegations of fraud do not vitiate the conclusive evidence of ownership conferred by an incontestable registration, and the only fraud that may be asserted as a defense to an incontestable registration is a deliberate attempt to mislead the Patent and Trademark Office (PTO)." *Christian Sci. v. Robinson*, 2000 WL 33422737, at *4 (W.D.N.C. Mar. 29, 2000). Even if the Complaint *had* identified a fraud theory, and allegations to support such a theory, it would be foreclosed by California's three-year fraud limitations period. *Vaccarino*, 2011 WL 5593883, at *4. Puri had constructive notice of the PEACE® mark registration when it was published on the Principal Register on October 29, 2002. (*See* Req. for Judicial Not., Exh. D); 15 U.S.C. § 1072. Any claim that the registration was fraudulently obtained thus expired on October 29, 2005, before the Complaint was filed. *Lurzer GmbH v. Am. Showcase*, 73 F. Supp. 327, 330-31 & n.4 (S.D.N.Y. 1998) (limitations for challenge to incontestable marks run from placement on Principal Register; state fraud limitations period used for Lanham Act fraud allegations).

Puri similarly argues in her brief that she can challenge incontestability under 15 U.S.C. § 1115(b)(3) and (b)(9). (Opp. at 5-6.) But again, these were not pled. "The burden is on the challenger to plead and prove one or more of the statutory exceptions to incontestability." McCarthy on Trademarks 32:149 (2011). Puri gives no explanation in her brief or the Complaint as to how Hearthside possibly could be estopped from, or have acquiesced in, anything. In short, Puri failed to plead around the incontestable status of the PEACE® mark.

KAYE SCHOLER LLP

KAYE SCHOLER LLP

**3. Puri Fails to Allege Rights to Common Law Trademarks.**

The Complaint fails to state a claim for infringement of common law rights to the PEACE® marks, as no allegations support an inference that Plaintiff has such rights. *Innospan Corp. v. Intuit, Inc.*, 2010 WL 5017014, at *3 (N.D. Cal. Dec. 3, 2010) (complaint must allege facts to support common law trademark rights). Puri alleges only that Yogi Bhajan directed GTO to place his image on packaging that *also* contained the PEACE® marks; this does not support an inference that Puri has rights to the PEACE® marks themselves, and she gives no authority for such a proposition. Puri argues that common law rights can be inferred because GTO donated a portion of profits to charity and paid royalties to Yogi Bhajan. But this cannot support an inference of common law rights to the PEACE® marks (as opposed, perhaps, to Yogi Bhajan's name and likeness), because the Complaint also alleges that GTO paid the royalties *only* when Yogi Bhajan's name and likeness was on the packaging; when GTO stopped using his name and likeness on the packaging, it stopped paying royalties. (Compl. ¶ 21.) Thus, Puri's new argument that GTO's payment of royalties somehow estops Hearthside from contesting her common law rights to the PEACE® marks is defeated by the Complaint's allegations that royalties were *not* paid by GTO for the PEACE® marks, but were only paid when Yogi Bhajan's name was used.

**4. Puri Fails to State a Claim for Trade Dress Infringement.**

The Complaint fails to identify the alleged trade dress; "[a] plaintiff should clearly articulate its claimed trade dress to give a defendant sufficient notice." *Keep a Breast v. Seven Group*, 2011 WL 3240756, at *2 (S.D. Cal. July 28, 2011). In her brief, Puri states that "the trade dress is the entire packaging," (Opp. at 9), but never identifies what about the "entire packaging" she claims as her trade dress. Courts have routinely rejected such attempts to avoid identifying the elements claimed as trade dress. *Basevi, Inc. v. Acorn Co.*, 2009 WL 764532, at *5 (C.D. Cal. Mar. 19, 2009) (allegation of copying "design and combination of features" rejected as too "vague and

ambiguous "); *Keep a Breast*, 2011 WL 3240756, at *5. Hearthside has no notice of what "trade dress" is alleged.[1]

To state a trade dress claim, a complaint must also allege that the trade dress is "(1) nonfunctional, (2) either inherently distinctive or [has] acquired distinctiveness through secondary meaning, and (3) likely to be confused with Defendants' products by the consuming public." *Keep a Breast*, 2011 WL 3240756, at *2. Puri does not deny that her Complaint fails to include such allegations, but instead, makes simple legal conclusions in her brief, with no citation to the Complaint or supporting facts (e.g., "Plaintiff's trade dress is not functional"). (Opp. at 9-10.) Such conclusory assertions in a brief are insufficient, especially because the trade dress that is alleged to be non-functional is never even identified.

**5. The Complaint Fails to Allege the Interstate Commerce Element.**

The Complaint also fails to state a Lanham Act claim because there is no allegation of an effect on interstate commerce. Puri conflates the Lanham Act's definition of "use in commerce" with "interstate commerce," arguing that if Hearthside is presumed to have used the marks "in commerce" that should be good enough. (Opp. at 10.) Puri provides no authority for such conflation; it is clear that a Lanham Act claim requires an allegation that the wrongdoing was done in "interstate commerce." *Southland Sod v. Stover Seed*, 108 F.3d 1134, 1139 (9th Cir. 1997). Puri also cites the proposition that a product that has traveled in interstate commerce has affected interstate commerce, (Opp. at 10), but this has no bearing on her Complaint's lack of such an allegation. Puri acknowledges the Complaint's deficiency, but states that this "is not grounds for dismissal" with no authority whatsoever. (Opp. at 10.) To the contrary, however, this pleading requirement is jurisdictional, not optional. *Miles*

[1] Significantly, Puri asserts that *GTO* once used Yogi Bhajan's name and likeness on its packaging, but admits that defendant Hearthside never has done so. (Opp. at 9; Compl. ¶¶ 21-42.)

KAYE SCHOLER LLP

*Labs.v. Frolich*, 195 F. Supp. 256, 257-58 (C.D. Cal. 1961); *K&N Eng'g v. Spectre Performance*, 2011 WL 4387094, at *9 (C.D. Cal. Sept. 20, 2011).

**6. Puri Has Failed to Plead Competitive Injury for False Advertising.**

15 U.S.C. § 1125(a)(1)(B) permits a false advertising claim where the defendant misrepresents, *inter alia*, the "characteristics" or "qualities" of his goods. Section 1125(a)(1)(A) provides for a false designation of origin claim where a defendant's actions are likely to cause confusion as to the "affiliation, connection, association . . . origin, sponsorship" of the goods. In Count II, Puri made allegations regarding both types of claims, with language from both statutory provisions; specifically as to false advertising, alleging that Hearthside misrepresented the "quality" and "characteristics" of its goods. (Compl. ¶¶ 37-38.) Puri states that she is not pursuing a false advertising claim, but fails to explain, or even mention, her actual allegations. (Opp. 11-12.) As noted in Hearthside's motion, (Mot. at 8), Puri refused to withdraw the false advertising allegations. The false advertising allegations should thus be stricken.

**B. The Common Law Unfair Competition Claim Fails (Count III).**

Hearthside moved to dismiss the common law unfair competition claim on three bases, two of which were also made for dismissal of the Lanham Act claims: 1) no factual allegations support common law ownership of the PEACE® marks, and 2) no competitive injury allegation. (Mot. at 9.) In response, Puri simply incorporates the response from her Lanham Act arguments. (Opp. at 12.) Puri's incorporated argument regarding the second basis concedes that she did *not* allege a competitive injury, but suggests that she did not have to for a false designation of origin claim. (*Id.* at 11.) Yet, Puri does not (and cannot) dispute that California common law unfair competition claims require this element. *Sleep Sci. v. Lieberman*, 2010 WL 1881770, at *10 (N.D. Cal. May 10, 2010); *Bank of West v. Sup. Ct.*, 2 Cal. 4th 1254, 1264 (1992).

Puri does not respond to the third basis for dismissal of Count III: that the Complaint fails to plead facts to support a fraud claim. (Mot. at 10.) As discussed in Hearthside's motion, (Mot. at 10), Count III adds allegations of fraud that were not

KAYE SCHOLER LLP

made in the Lanham Act counts (Counts I and II), and thus were not a basis for moving for dismissal of those counts. Such allegations of fraud as part of a common law unfair competition claim must be pled under the requirements of Federal Rule of Civil Procedure 9(b), *Planet Coffee v. Dam*, 2009 WL 2486457, at *4-5 (C.D. Cal. Aug. 12, 2009), but the Complaint lacks any facts to support the fraud allegation, and Puri's brief does not dispute this.

**C. The Unfair Trade Practices Claim Fails (Count IV).**

Puri's brief wrongly characterizes Hearthside's motion to dismiss Count IV as an argument that pleadings cannot incorporate prior allegations. (Opp. at 12-13.) But that is not at issue—the Complaint fails to state a claim because Puri's blanket incorporation of all prior allegations makes it impossible to determine what actions are alleged to constitute "unfair business practices" and what actions are alleged to constitute "fraudulent business practices" under the UCL, not because the counts incorporate prior allegations. (Mot. at 11.) Courts have found this fails to give proper notice to state a UCL claim. *Zero Motorcycles v. Pirelli Tyre*, 2011 WL 2844397, at *4 (N.D. Cal. July 18, 2011) (incorporation of prior allegations failed to provide notice of facts that constitute violation of each prong of UCL claim[2]).

**1. Puri Fails to State a Claim for "Unfair" Business Practices.**

A UCL claim for an "unfair business practice" requires conduct constituting an antitrust violation. (Mot. at 11-12.) Trademark infringement allegations do not qualify. *Church & Dwight v. Mayer Labs.*, 2011 WL 1225912, at *15 (N.D. Cal. Apr. 1, 2011). Puri has not made any allegations that could support an antitrust claim. Puri does not respond to this basis for dismissal at all; she does not dispute either the relevant law, or

[2] Puri argues that the relevant portion of *Zero* was mere *dicta* because the court dismissed the claims for additional reasons, but Puri does not dispute that the court correctly stated the law. (Opp. at 12-13.)

KAYE SCHOLER LLP

KAYE SCHOLER LLP

her lack of allegations that could support such a violation. The UCL claim based on "unfair trade practices" must therefore be dismissed.

**2. Puri Fails to State a Claim for "Fraudulent" Business Practices.**

Puri fails to state a claim for "fraudulent" business practices because she does not allege that she was personally deceived by Hearthside's alleged acts; only that consumers were likely to be deceived. (Mot. at 12-13.) Puri's opposition doesn't address that a plaintiff must have personally relied on and been deceived by the alleged business practice. "It is not sufficient to allege that other consumers have been misled by defendants' allegedly fraudulent business practices." *Nwabueze v. AT&T*, 2011 WL 332473, at *23 (N.D. Cal. Jan. 29, 2011); *In re Tobacco II Cases*, 46 Cal. 4th 298, 315 (2009).

Puri cites case law for the general proposition that UCL claims can be based on the same conduct as Lanham Act claims. (Opp. at 14.) But Puri ignores that this addresses the "unlawful" business practices prong of the UCL, *not* the "fraudulent" business practices prong. *Woods v. Google Inc.*, 2011 WL 3501403, at *7 (N.D. Cal. Aug. 10, 2011) ("By proscribing any 'unlawful' business practice, [the UCL] 'borrows' violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable."). Here, Puri does not dispute that she asserted only "unfair" and "fraudulent" business practices under the UCL, not "unlawful" business practices. *Sonoma Foods, Inc. v. Sonoma Cheese*, 634 F. Supp. 2d 1009, 1022 (N.D. Cal. 2007) ("[A] plaintiff must plead the specific rubric under which the proscribed conduct falls": (1) unlawful, (2) unfair, or (3) fraudulent.) Puri's "fraudulent" practices UCL claim must therefore be dismissed.

**3. Puri Fails to Allege Facts to Allow Her to Represent Consumers.**

The UCL bars suits brought on behalf of others' injuries by plaintiffs who were not likewise injured. *Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 317 (2011); *Henderson v. Gruma Corp.*, 2011 WL 1362188, at *4 (C.D. Cal. Apr. 11, 2011) (plaintiff must allege she was deceived by label). Puri's response argues that the focus

KAYE SCHOLER LLP

of UCL claims is on the defendant's acts, not the plaintiff's damages, citing *Tobacco Cases*, 46 Cal. 4th at 312. (Opp. at 14-15.) Damages are not available under the UCL. *Tomlinson v. Indymac Bank*, 359 F. Supp. 2d 891, 893 (C.D. Cal. 2005).) Puri also argues that she alleged personal injury via her Lanham Act allegations. (Opp. at 14.) In fact, the very case cited by Puri makes clear that a UCL plaintiff must have suffered the same injury she is attempting to assert on behalf of others to have standing. *Tobacco Cases*, 46 Cal. 4th at 314-315. Puri is attempting to represent consumers allegedly deceived by Hearthside's use of the trademarks, but this is a different injury than Puri alleges she incurred as the alleged rightful owner of marks. (Opp. at 14.) In order to have standing to represent consumers, Puri would have to allege that she, herself, was deceived by the marks on Hearthside's packaging—a claim she cannot make. *Kwikset*, 51 Cal. 4th at 317.

**4. Puri is Not Entitled to the Relief Requested Under the UCL.**

Although the Complaint requests "restoration of any money or property which Defendants acquired through their acts of unfair competition," (Compl. ¶ 51), no such money or property is identified. Puri is not entitled to damages or Hearthside's profits from alleged trademark infringement under the UCL. *Lee Myles v. Paul Rubke*, 557 F. Supp. 2d 1134, 1144 (S.D. Cal. 2008). Puri does not dispute this deficiency, but instead asks the Court to wait and see if any money or property may later be determined to qualify as "restitution." (Opp. at 15-16.) But Puri is not entitled to pursue a UCL restitution claim "just in case" one appears. *Bioresource, Inc. v. US Pharmaco*, 2010 WL 2763681, at *2-3 (N.D. Cal. July 13, 2010) (dismissing claim "although plaintiff asserts that its injuries are capable of being remedied through restitution, the complaint does not provide any factual detail regarding how this is so"); *Lee Myles*, 557 F. Supp. 2d at 1143-44 (striking demand for "restitutionary damages"); *Madrid v. Perot Sys.*, 130 Cal. App. 4th 440, 445, 453 (Cal. Ct. App. 2005).

**D. Puri Fails to State a Claim for a Constructive Trust (Count V).**

The Complaint seeks a constructive trust over the "rights and goodwill associated with the YOGI and PEACE CEREAL marks, together with all income or funds received by Defendants from their wrongful acts," (Compl. ¶ 54), but Puri's opposition makes clear that the *res* it seeks is "both the registration of the PEACE CEREAL trademark and the profits acquired by Hearthside from its use," (Opp. at 16, 19). Puri does not respond to Hearthside's motion to dismiss this claim as to the YOGI® marks, (Mot. at 16-17), and excludes those marks, and profits from their use, from her identification of the *res*, and thus appears to have abandoned this portion of her claim, which should accordingly be dismissed.

Puri also fails to state a claim as to the PEACE® marks and their profits. As to profits, Puri does not respond to Hearthside's authority that such profits cannot be the subject of a constructive trust; a trust over money must be based on particular, traceable funds, and cannot be imposed as a remedy for a defendant's general monetary obligations. (Mot. at 15-16); *Flores v. Emerich & Fike*, 2008 WL 2489900, at *40 (E.D. Cal. June 18, 2008). The claim to funds should be dismissed.

Puri also does not dispute that the Complaint lacks allegations that the rights to the PEACE® marks were gained by wrongful conduct by Hearthside, as required by Cal. Civ. Code § 2224. (Mot. 16-17.) Indeed, she concedes this point, but argues that the marks were wrongfully *detained*. (Opp. at 17 ("[I]t does not matter whether the '*res*' is acquired wrongfully, only that it was wrongfully 'detained.'"). But the Complaint explicitly asserts a claim only under Section 2224, which applies solely to "one who *gains* a thing" wrongfully (emphasis added). (Compl. ¶¶ 53-55 (citing Cal. Civ. Code § 2224; "received by Defendant[]"; "unlawfully obtained"). The Complaint does *not* bring any claim under Section 2223, which applies to "one who wrongfully *detains* a thing" (emphasis added), nor does the Complaint contain any allegations that the marks were wrongfully detained. Puri cannot change Count IV into a claim under a completely different statutory provision by changing theories in her brief.

KAYE SCHOLER LLP

Puri does not respond to Hearthside's arguments to dismiss this claim because (1) it was improperly brought as an independent cause of action; and (2) a constructive trust is not available because there is an adequate remedy at law. (Mot. at 17-18.) The claim should be dismissed for these reasons as well.

**E. Puri Fails to State a Claim Under Counts VI and VII.**

Puri responds to the argument that Count VI (declaratory judgment) should be dismissed as redundant with a citation regarding sufficient pleading of a declaratory judgment claim. (Opp. at 18-19.) But this is nonresponsive to the argument. (Mot. at 18.) Puri does not contest, but acknowledges, the claim's redundancy. (Opp. at 18-19.) "[W]here a plaintiff has alleged a substantive cause of action, a declaratory relief claim should not be used as a superfluous 'second cause of action for the determination of identical issues' subsumed within the first." *Brown v. Bank of Am.*, 2011 WL 1253844, at *10-11 (E.D. Cal. Mar. 31, 2011); *Coburn v. Bank of NY*, 2011 WL 1103470, at *6 (E.D. Cal. Mar. 22, 2011).

This claim also improperly seeks a declaration that Puri is the owner of the registered YOGI® marks, although the registrant of the marks is not a party. (Compl. ¶ 59; Mot. at 18-19.) Puri claims that Hearthside has misconstrued this claim, but then reaffirms that she is seeking a declaration of rights to the YOGI® registrations. (Opp. at 19-20.) Puri argues that "[i]t is irrelevant that GTO is the current registrant of the YOGI marks" because an arbitration panel ordered the registrations to be transferred to Puri. (Opp. at 20-21.) But that award is being challenged in a different case, where GTO *is* a party. It is not proper to ask this Court to declare ownership to a mark where the registrant is not a party, and where another court is already addressing the issue. *Arcadia Group v. Studio Moderna*, 2011 WL 3584469, at *4 (N.D. Ill. Aug. 15, 2011).

Count VII is an improper assertion of a remedy as an independent cause of action. Puri's attempt to distinguish *Taguinod* on the basis that the claims "were asserted only as remedies, not as causes of action," (Opp. at 18-19) is wrong: both were remedies asserted as independent claims, and both were dismissed for that

KAYE SCHOLER LLP

reason. Puri implies that Count VII is really meant to be an action under Section 37 of the Lanham Act (15 U.S.C. § 1119), as opposed to a remedy. (Opp. at 19.) But this section does not provide for an independent cause of action. *Basel Action v. Int'l Ass'n*, 793 F. Supp. 2d 1200, 1201-02, 1206-07 (W.D. Wash. June 7, 2011); *Nike, Inc. v. Already, LLC*, 2011 WL 5429154, at *3 (2d Cir. Nov. 10, 2011).

**F. Puri Fails to State a Claim for Cancellation of a Mark (Count VIII).**

Count VIII fails to meet the pleading requirements to overcome the incontestable status of the PEACE® marks, and thus fails to state a claim. (Mot. at 19-20.) Puri refers to her arguments on this issue for the Lanham Act claims, which fail for the reasons discussed above.

Puri claims that the Complaint's request for cancellation of the "YOGI MARKS," (Compl. ¶ 67), was not meant to give that term the same meaning as in the rest of the Complaint. (Opp. at 21; Compl. at *passim*.) Rather, it is a "catch-all phrase to encompass any marks used by Hearthside which were not specifically mentioned or identified." (Opp. at 21.) This clearly fails to state a claim; Hearthside is given no notice of what such additional marks are, and it is clear that Puri herself is not actually aware of any. Puri cannot pursue an improper claim today, just in case she discovers a proper claim tomorrow.

**CONCLUSION**

For the foregoing reasons, Hearthside respectfully requests that the Court GRANT its motion and DISMISS the Complaint.

Dated: December 5, 2011

Respectfully submitted,

KAYE SCHOLER LLP

By: /s/ Rhonda R. Trotter
Rhonda R. Trotter
Attorneys for Defendant
HEARTHSIDE FOOD SOLUTIONS, LLC

KAYE SCHOLER LLP